GENSLER, Judge ad hoc.
Henry A. Stevens filed suit against Eustis Guillemet, father of, and Clarence Guillem'et, an unemancipated minor, who was the driver of the defendant’s car. The collision between the Mercury automobile of defendant and the Buick automobile driven by plaintiff occurred at or about 4:30 p. m. on September 16, 1954, in the parking area of the Capitol Food Store located at Washington Avenue and Jefferson Davis Parkway in New Orleans, Louisiana.
The weather'was cloudy and it was raining. The plaintiff’s suit is for $164.18 damages to the plaintiff’s automobile. As shown by the estimate of Stephens Buick Company, Inc. filed in evidence in this record, the plaintiff’s car was damaged on the left front door and side.
The lower court heard the testimony of the'driver of the defendant’s car, of the plaintiff and of the police officer who had investigated the accident and the New Orleans Police Department’s accident record was filed in evidence.
At the close of the plaintiff’s case, the defendant, prior to placing any witnesses on the stand or offering any evidence in his own behalf, moved for judgment and *95 the lower court rendered judgment dismissing plaintiffs suit at plaintiff’s cost.
The plaintiff had alleged negligence- on-the part of defendant, to wit: 'that the;defendant’s car was making a left turn frorn one lane to another without adequate clearance; secondly, defendant driver failed to keep a proper look-out; thirdly,, failed to see what he should have seen, and fourthly, was' operating his vehicle at a speed too fast for safety iri a parking ‘area. The defendant answered generally -denying the material allegations of fact as to the cause of the accident.
The facts as revealed by the record are as follows: That the parking lot adjacent to the Capitol Food Store lias two entrances or exits, one referred to as the Washington Avenue entrance or exit and the other, the Jefferson Davis Parkway entrance or exit. That the1 defendant driver entered--the parking''area- from the Washington Aveiiue entrance and parked- his car on- the opposite side of the parking area; that the'plaintiff’s car 'was parked on the Jefferson Davis Párkway side of the area; that the plaintiff driver was in the act of leaving -the-parking área, intending to use the Washington Avenue exit, and was driving' in the right lane of traffic at less than five miles per hour parallel to Washington Avenue' in the direction of the Washington Avenue exit; that the defendant’s car was crossing the parking area laterally from a point opposite the Washington' Avenue entrance, proceeding toward the Jefferson Davis Parkway exit; that defendant driver testified that he saw the plaintiff’s car 25 yards away, and he further testified that there were three girl passengers in his car at the time of the accident; that the witnesses failed to account or explain why the accident occurred. Certainly each of the cars was proceeding at a slow rate of speed though it is testified that the speed of defendant’s car was greater than that of plaintiff’s car, and the left front of defendant’s car collided with the left side of plaintiff’s car.
It is well to bear in mind that nowhere in the answer, alternatively or otherwise, is the plaintiff charged with contributory negligence. Such being the case, plaintiff’s success depends upon his showing that the proximate cause of the accident was the sole, negligence or the concurrent negligence of the defendant driver.
The evidenceTs conclusive that the defendant driver was guilty -of negligence. The defendant driver was proceeding at a speed of more than five miles an hour and admitted that he saw plaintiff’s car 25 yards away prior to the time of the accident, and the left front of defendant’s car collided with the left side of' plaintiff’s car..
The plaintiff’s car was proceeding at 5 miles an hour in. a straight line, in the right lane of traffic, and, could no.t veer to' the right to avoid the accident as cars were parked to the right of plaintiff’s.' traffic lane, i,. e. -within 3 feet of the right side of plaintiff’s car.
• As has already been said, the answer merely makes a general denial of negligence on the part of the defendant driver. The defense of contributory negligence is not specifically set up and that poinf was not put at issue by the answer.
It is now well established that contributory negligence is a special- defense which must be pleaded in order for it to be considered, and that the defendant carries the burden of proving the allegations relied upon by him. Althans v. Toye Bros. Yellow Cab. Co., La.App., 191 So. 717; also Hecht v. Toye Bros. Yellow Cab. Co., La.App., 62 So.2d 520.
Plaintiff has sufficiently proven the amount of his damages.
The judgment of the lower court is reversed and it is now ordered, adjudged and decreed that plaintiff have judgment against defendants for the full sum of $164.18, with legal interest from judicial demand until paid, defendants-appellees to pay all costs of both courts.
Reversed.