111 So.2d 153 (1959)
J. J. LINDSEY, Plaintiff-Appellee,
v.
TRAVELERS INDEMNITY COMPANY et al., Defendant-Appellant.
No. 8976.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1959.
Rehearing Denied May 4, 1959.
Certiorari Denied June 25, 1959.
Theus, Grisham, Davis & Leigh, Monroe, for appellant.
Jackson & Reynolds, Homer, for appellee.
Before GLADNEY, AYRES and JAMES E. BOLIN, JJ.
BOLIN, Judge ad hoc.
This is a tort action by J. J. Lindsey against S. B. Martin, Mirriam Martin, William L. Martin, the partnership of Martin's Grocery & Market, and their insurer, the Travelers Indemnity Company. The case arises out of an accident which occurred on July 25, 1957, when the plaintiff tripped over a painter's cloth, which was in the defendant's establishment, while *154 turning away from a counter in Martin's Grocery & Market, Haynesville, Louisiana.
In the petition, plaintiff alleged that the defendants were legally responsible for his injuries and set forth the following acts of negligence on their part:
(1). Leaving a painter's cloth, or tarpaulin, in the aisle of the said store where their customers always walked.
(2). Failure to warn their customers of such obstruction.
To plaintiff's petition the defendant filed an answer in the form of a general denial.
The matter was duly tried on its merits and after trial there was a judgment rendered in favor of the plaintiff and against the defendants, in solido, in the sum of $4,358.40. From this adverse judgment, the Travelers Indemnity Company has taken a suspensive and devolutive appeal, and the remaining defendants have only taken a devolutive appeal.
The essential facts are that, between the hours of 12:00 and 12:15 o'clock, on the afternoon of July 25, 1957, the plaintiff was in Martin's Grocery & Market in the Town of Haynesville, Louisiana, doing some shopping at the request of his wife. This store had been modernized to such an extent that it was in the form of what is commonly referred to as a self-service type of grocery store and, as such, it had various aisles running from the front of the store to the back with the counters therein being about head high and containing the various articles for sale. In the back of the store was the meat counter and an open type showcase which contained various frozen foods, and behind these refrigerated counters there was usually an attendant. The only other employee in the store was a clerk at the front of the establishment known as the checker. Of course, some of the owners of the store were usually present on all occasions.
On the day of the accident, a Negro employee of the defendants' grocery company had been painting some light fixtures and, in connection with his work, had spread a painter's cloth on the floor and under the lights in order to prevent paint from getting on the floor of the building. At the moment of the accident, this painter had left his work and gone to the rear of the store in order to secure more paint. While he was thus absent, the plaintiff, who had been doing some shopping in the store and who apparently was carrying some groceries in his arms, came from one of the aisles with the intention of going up another aisle to get a box of matches. He alleges that as he turned to his left one of his feet apparently became entangled in the painter's cloth on the floor, causing him to fall on his left side, resulting in a serious injury to the lower lumbar region of the spine.
The floor of the building was of concrete construction. Upon falling and striking the concrete floor, the plaintiff apparently suffered immediate pain and called for help. Mr. L. L. Powers, a salesman for a candy company, who happened to be in the store, first heard the calls of the plaintiff and was the first to reach him. The second person to reach him was Mr. William L. Martin, one of the owners and also one of the defendants herein. Upon arrival, Mr. Powers and Mr. Martin found the plaintiff lying on the floor where he had fallen. An ambulance was called and plaintiff was carried to a hospital, where he remained until August 21, 1957.
During the time of his confinement in the hospital, and continuously thereafter until trial of the case in the lower court, plaintiff was attended and treated by Dr. R. Bishop of Haynesville, Louisiana. Dr. Bishop immediately x-rayed the plaintiff and diagnosed his injury as a disc syndrome. Dr. Bishop testified that this type of injury could have resulted from the accident involved herein and, as a matter of fact, it was his opinion that it did. There was some testimony during the trial to the effect that the plaintiff *155 could have fallen in the store as the result of a fainting spell or a heart attack. In this connection, Dr. Bishop testified that he was of the opinion that plaintiff did not have a heart attack.
Under Dr. Bishop's care, plaintiff was confined to his bed during his stay in the hospital and, after being returned to his home, he was given various drugs to relieve muscle spasms and pain, and was also put in traction at intervals during this time. Dr. Bishop referred the patient to Dr. T. M. Oxford, a specialist in orthopedic surgery in Shreveport, Louisiana.
The testimony of Dr. Oxford was taken by deposition. The testimony of Dr. Oxford and Dr. Bishop leaves little doubt that the plaintiff suffered a rather severe injury as the result of this accident. Dr. Oxford also diagnosed the injury as a ruptured disc and the prognosis as to recovery from such an injury is unpredictable. The defendant being 68 years of age, Dr. Oxford did not recommend an operation unless the injury became worse. It was the testimony of both Dr. Oxford and Dr. Bishop that the plaintiff had suffered considerably as the result of the injury and that such pain would perhaps recur at various times for many years in the future.
In connection with this appeal, counsel for appellants contend that the judgment of the lower court should be reversed for several reasons. We point out at the outset, that this case presents to us largely a question of fact insofar as the question of liability is concerned. In this connection, no authorities need be cited for the basic principle of law that judgments based upon facts will not be disturbed on appeal unless clearly erroneous. In the instant case, all of the testimony in the lower court was taken in open court, except the testimony of Dr. Oxford. The trial judge, therefore, had an opportunity to hear and observe all of the witnesses who thus testified, and in connection with his judgment he assigned written reasons for his findings. After hearing the case and studying the briefs presented to him by counsel for plaintiff and defendant, the trial judge resolved these factual issues in favor of the plaintiff and against the defendant. After a careful examination of the record now before us on appeal we can find no manifest error in his findings.
The appellants have cited us to the case of Peters v. Great A & P Tea Company, La.App., 2d Cir., 1954, 72 So.2d 562, 564. This case was heard on appeal by this court and, as pointed out by counsel for appellant, a rather exhaustive review was made by the court of the so-called "fall down" cases in Louisiana. In the cited case, the following observation was made by the court:
"Plaintiff's cause of action arises from L.S.A. C.C., Article 2316, declaring persons are responsible for the damage occasioned by their negligence, imprudence or want of skill. Under this statute a store keeper has the responsibility to provide a safe place for his customers. He is not the insurer of their safety, however, and need only keep floors and passage ways in a reasonably safe condition for use in a manner consistent with the purposes of the premises.
* * * * * *
"It is the [well] settled jurisprudence of this state that the doctrine of res ipsa loquitur is inapplicable to a store keeper whose obligation toward his customer is the use of ordinary care to keep aisles, passage ways, floors and walks in a reasonably safe condition, and no presumption of fault of the store keeper arises from the mere fact of injury to a customer."
In our opinion the case is of little comfort to the appellants herein because the trial judge found, in effect, that the store keeper in the instant case did not keep "floors and passage ways in a reasonably *156 safe condition for use in a manner consistent with the purposes of the premises." We have further made a study of the evidence in this case and we are of the same opinion because a painter's cloth on the floor of a self service type grocery store could certainly be classified as dangerous under certain circumstances. We do not intend to imply that such an object on the floor of a grocery store would be dangerous, per se, under all circumstances. But under the particular facts of this case we are certainly not in a position to say the trial judge committed manifest error in his findings.
The appellants also cite the case of Alexander v. General Accident Fire & Life Assurance Corporation, La.App., 1st Cir., 1957, 98 So.2d 730, 732. In this case, which was decided by the First Circuit Court of Appeal, there is the following quotation:
"An invitee is a person who goes on the premises with the expressed or implied invitation of the occupant of the business of the latter or for their mutual advantage; and to him, the duty owed is that of reasonable and ordinary care, which includes the prior discovery of reasonably discoverable conditions of the premises that may be unreasonably dangerous, and correction thereof or a warning to the invitee of the danger."
There can certainly be no fault found with the principle of law set forth in the above cases. Suffice it to say that neither the lower court nor this court have found the facts in the instant case to be the same as those given in the cited case.
In connection with the appellant's contention that the decision of the lower court should be reversed, we have also been cited the following cases: Joynes v. Vallost & Dreaux, Inc., La.App., Orleans Cir., 1941, 1 So.2d 108; Bishop v. F. W. Woolworth & Company, La.App., Orleans Cir., 1942, 8 So.2d 701; Peters v. Great A. & P. Tea Co., supra.
The above cases apparently have been pointed out to us because they generally hold that the object which has been left in the establishment, such as the painter's cloth in the instant case, must be allowed to remain there an unreasonable length of time in order to thereby become dangerous and affix the liability for its presence on the owner of the building. We feel certain that this principle is sound and well fixed in our jurisprudence but has no application to this case for the simple reason that what is an "unreasonable length of time" is a question of fact which must be resolved in each individual case. Considering all of the other surrounding facts in the case now before us, it was unreasonable to leave the painter's cloth in this type of store in the particular place that it was left for any appreciable length of time.
Counsel for the appellants strenuously argues in his brief that the plaintiff was guilty of contributory negligence and, in this connection, he has cited us to the case of Battles v. Wellan, La.App., 2d Cir., 1940, 195 So. 663, 666, wherein the plaintiff slipped on some wet tile at the entrance of a store. In denying recovery the court made the following observation:
"We think that unless she paid some attention to where she was walking, she would be negligent herself such as to bar recovery. And she testified that she was not looking at the floor, but had her eyes focused upon a dress or some dresses in the show window just ahead of her. This would indicate that she was giving no thought of care to the naturally, unusually smooth tile floor over which she was walking at the time."
In connection with the argument on the question of contributory negligence, we point out at this time that the appellants, who were defendants in the lower court, did not file a plea of contributory negligence. In this connection it is well established under our law that, as a general rule, contributory negligence is a special *157 defense which must be so pleaded in order for it to be considered. Stevens v. Guillemet, La.App., Orleans Cir., 1955, 81 So.2d 94; Althans v. Toye Bros. Yellow Cab Co., La.App., Orleans Cir., 1939, 191 So. 717; Hecht v. Toye Bros. Yellow Cab Co., La. App., Orleans Cir., 1953, 62 So.2d 520.
However, it has also been held on several occasions that where evidence is admitted without objection during the trial of the case on the question of contributory negligence, that such an issue then rightly becomes a part of the case. Randazzo v. Mereaux, La.App., Orleans Cir., 1946, 27 So.2d 740; Althans v. Toye Bros. Yellow Cab Co., supra.
Obviously the court below considered the plea of contributory negligence and correctly disposed of it, and we quote from his written opinion:
"It is not incumbent on plaintiff to prove the absence of contributory negligence on his part. That burden is on the defendants. This present case, in the Court's opinion, does not show any element of contributory negligence on the part of plaintiff. Evidence of the physical facts are ample to justify a judgment in favor of plaintiff based on the negligence of defendants."
Therefore, even if we consider the plea of contributory negligence to be properly before us, we are in accord with the findings of the trial judge that the defendants below have not borne the burden of proof.
Having disposed of the salient questions presented to us touching upon the liability of the defendants, we now pass to the only remaining question under review, which is the quantum to be allowed.
The plaintiff originally sued for $36,858.40, and, as previously pointed out, the trial judge awarded him the sum of $3,500 for personal injuries and the further sum of $353.40 as special damages for such items as medical expenses. There seems to be no serious dispute in connection with the medical testimony. It is conceded that the plaintiff is an elderly man who has a ruptured disc, which has resulted in a partial permanent disability. It is also undisputed that as a result of his injury he was confined to a hospital for twenty-seven days and that he was thereafter treated at his home for a considerable length of time, and that during a portion of this time he was in traction. Under the circumstances, we cannot see how such an award could be held to be excessive and, inasmuch as the plaintiff has not asked that it be increased, we can find no cause for changing this portion of the judgment on appeal.
For the reasons assigned herein, it is our opinion that the judgment in the lower court should be, and, accordingly, it is, affirmed at appellant's cost.
HARDY, J., absent.