REGAN, Judge.
The plaintiffs, Mr. and Mrs. William T. Guillot, filed this suit against the defendants, The Insurance Company of North America, insurer of Hugh O’Connor, Inc., the contractor and against Joe Norban, *456 Inc., the owner,[1] endeavoring to recover the sum of $153,941.53 for damages which they assert were incurred as the result of a fall by Mrs. Guillot in a building which was under construction in 100 La Barre Road in Jefferson Parish.
The defendants answered and denied the several accusations of negligence delineated in the plaintiffs’ petition, and in the alternative they pleaded Mrs. Guillot’s contributory negligence.
From a judgment in favor of the defendants dismissing the plaintiffs’ suit, they have prosecuted this appeal.
The record discloses that the plaintiff, Mrs. William T. Guillot, arrived at the building in La Barre Road in response to a classified advertisement by one of the defendants, Joe Norban, Inc., whose representative was interviewing salesladies as prospective employees of a new store which it was to open there. The building was still under construction on the day of the accident. When the plaintiff reached the entrance thereof, she and her sister, Mrs. Rosalee W. Jacques, who accompanied her, noticed that there were numerous workmen engaged in various phases of construction on the premises. There was a large amount of general debris on the floor, including pieces of pipe and wood. Steel beams were being lifted by a crane to the ceiling and there was a man positioned in this section of the building to prevent strangers from walking in the hazardous area. There was at least one sign in the front of the building which instructed job applicants to use the side road in order to reach the job applicant desk.
The plaintiff and her sister, on the other hand, insist that they were instructed by workmen in the area to walk to the rear of the building in order to be interviewed. In the course of walking through the building, the plaintiffs explained that Mrs. Guillot stepped on a small wedge of wood, twisted her right ankle, and fell, causing the injuries which form the subject matter of this litigation.
The plaintiffs assert that the lower court erred when it did not conclude that Joe Norban, Inc., was negligent in failing to provide a safe walkway for the use of applicants. To reiterate, Norban points to the fact that it had erected signs directing job applicants to use a road alongside of the building to reach the application desk, and that since barricades had been placed inside the doors, the plaintiff assumed the risk of coming into contact with remnants of building materials which were quite evident, and that the proximate cause of the accident was her negligence in not observing what was apparent, especially since she was entering a building which was obviously under construction. The Insurance Company of North America has pleaded an additional defense to the effect that any negligence emanating from the owners or subcontractors working on the building could not be imputable to its insured, Hugh O’Connor, Inc.
It is relatively undisputed that there was ample light to disclose the existence of bits of debris scattered about the floor of the building. Moreover, the testimony of the plaintiff and of her companion does not establish, with that certainty required by law, that she in fact tripped on a wedge of wood as she now contends. There is some evidence to the effect that after the plaintiff fell she noticed the wood and merely surmised that it caused her to fall and injure herself.
By coincidence, John Lassiegne, the husband of the plaintiff’s niece, was the foreman for a subcontractor on the building. He appeared and testified that a small object or piece of wood could easily be seen under the lighting conditions then existing in the building. He also observed the sign directing the applicants to use the side road, and stated that he noticed the barri *457 cades inside the building.- With respect to the contention by the plaintiff that the side road was obstructed by a portable crane, Lassiegne related that there was ample room for pedestrians to walk around the crane if they so desired.
We have observed heretofore that when a suit is predicated upon an allegation of negligence and the defense thereto is a denial of negligence and an alternative plea of contributory negligence, it is often expedient to initially consider the plea of contributory negligence, for if the facts disclose the existence of contributory negligence without which the accident would not have occurred, it is then unnecessary to determine whether there was primary negligence in the defendants.
The evidence inscribed in the record convinces us that the plaintiff had access to two routes to reach the rear of the building. She selected the more dangerous alternative, and in so doing chose to traverse a portion thereof where the floor was strewn with some building debris. Assuming that she was instructed to use this path by the defendant’s employees, the evidence clearly reveals that the lighting in the building was more than adequate to disclose the existence of any small object which may have appeared in one’s path. The only conclusion which may be drawn from the facts hereof is that Mrs. Guillot was guilty of negligence in omitting to exercise that degree of care which the circumstances required and specifically in failing to see what was patently obvious to everyone but her.
Since we are convinced that the plaintiff’s negligence constituted the proximate cause of her injuries, there is no necessity of discussing the other defenses offered by the defendants.
For the foregoing reasons, the judgment appealed from is affirmed.
The plaintiffs are to pay all costs incurred herein.
Affirmed.

. The actual owner was Lynn’s, Inc., a New York corporation, and O’Conner was under contract to it for construction of tliis building which was to be operated under the trade name of Joe Norban, Inc.