AYRES, Judge.
Mrs. Lillian C. Banks and her husband, Earl R. Banks, brought this suit against defendants, Gulf Inland Corporation, Whitey White Construction Company, Inc., Great American Insurance Company, and Joy Eastgate Theater, Inc., to recover hospital and medical expenses, loss of wages, and damages for injuries sustained by Mrs. Banks as a result of a fall on Sunday, February 21, 1971, in the parking area adjacent to the Eastgate Cinema in Monroe, Louisiana. The district court rejected the claims of plaintiffs and, from this decision, plaintiffs appeal.
The record reveals that this case is largely a factual matter. The accident happened at the Eastgate Cinema at the intersection of Stanley and Betin Streets. *680 The front of the theater faces Stanley Street. Whitey White Construction Company was in the process of constructing a third theater building and had actually completed the outside wall of the structure which was parallel to Betin Street. There was still, however, a great deal of work remaining to be done outside the theater structure itself, including the building of sidewalks adjacent thereto, the completion of the porte-cochere, and the concrete surface below it.
On the Betin Street side of the building there was a concrete area used for parking to the rear of the theater, and some vehicles were parked there the day of the accident. Between that parking area, toward the rear, and the ticket office, which fronted on Stanley Street, was a completely enclosed area (barricaded) where this construction was in progress. The barricades were of two types. Some were nailed down and permanent; others were movable in order to allow construction vehicles and materials access to the area. A construction trailer and other equipment clearly showed an area of construction under progress.
Mrs. Banks and a friend parked their car on Betin Street to the rear of the building, and, because it was raining, hurriedly walked through this construction area toward the ticket office on Stanley Street. Plaintiff and her witnesses testified they did not see any barricades blocking their path through the area, but did notice there was construction in progress in the area. In her hurried progress toward the ticket booth, Mrs. Banks fell into a shallow hole filled with water and injured her left ankle.
The trial judge found Mrs. Banks negligent in her negotiation of the hazard before her. The trial judge, in a written opinion, stated:
“Whatever conclusions may be drawn from the conflicting evidence concerning the location or absence of specific barricades or warnings at specific places, the court finds that the evidence of construction hazards in the whole area was obvious to anyone coming near. This obvious place of danger created the legal necessity for Mrs. Banks to exercise care and restraint for her own safety, which she simply chose not to do in her haste to reach shelter from the rain. She was guilty of negligence proximately causing the accident; and neither plaintiff may recover.”
In reviewing the record, we find no error in the trial court’s assessment of the facts or its application of the law requiring plaintiffs to observe obvious dangers. See: Guillot v. Insurance Company of North America, 230 So.2d 455 (La.App., 4th Cir., 1970); Spinks v. General Fire and Casualty Company, N.Y., 175 So.2d 339 (La.App., 2d Cir., 1965); Sherrill v. United States Fidelity & Guaranty Co., 132 So.2d 72 (La.App., 3d Cir., 1961).
The judgment of the trial court is accordingly affirmed, and plaintiffs’ demands are rejected at their costs.
Affirmed.