## GLATSTEIN v. CITY OF SHREVEPORT.
### No. 4556.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1933.

Malcolm W. Feist, of Shreveport, for appellant.

Barnette & Roberts and A. M. Pyburn, all of Shreveport, for appellee.

MILLS, Judge.

On the north side of Travis street, which runs east and west, in the city of Shreveport, between Louisiana and McNeil, the sidewalk is not completely paved from property line to curb. From the Medical Arts building on the corner of Louisiana, to McNeil, a distance of a little more than half the block, there is a strip of dirt or neutral ground 14 inches in width between the pavement and the curb. This strip is depressed about 6 inches below the level of the paving. About 40 feet north of the Medical Arts building there is a water meter box 18 by 15 inches in size, sunk in the pavement and flush with its surface. This box is not wholly within the paved portion of the sidewalk, 4 inches of its length protruding into the neutral ground. The box is owned by the city of Shreveport and is used by it in the operation of the municipally owned waterworks.

At about 11:30 in the morning of May 9, 1932, Edith Glatstein, on her way to the Medical Arts building, parked her car facing Louisiana street opposite this water meter box. She alighted onto the 6-inch wide curb stone, with her back to the sidewalk, locked her car, and, without looking, and without seeing where she was stepping, turned to her left, stepped out with her left foot, and fell, striking her left shin bone at a point about 9 inches from the ground against the sharp top edge of the meter box, causing injuries for which she asks damages from the city, totaling $1,496.30.

Petitioner testifies that her fall was caused by her left foot landing in a depression 7 or 8 inches deep alongside of the meter box. It is not clear from the testimony whether she

means 7 or 8 inches below the level of the concrete or below the level of the dirt. It could hardly have been the latter, as her wound, caused by striking the top of the meter box, was only 9 inches from the ground.

The city answered, denying negligence on their part, and in the alternative pleading the contributory negligence of plaintiff in failing to observe a danger which, if it existed at all, was open and apparent.

From a judgment of the lower court rejecting her demand, plaintiff has appealed.

Plaintiff, in support of her demand, does not allege or rely upon any defect in the meter box. Her claim is based upon the existence of a depression in the unpaved portion of the sidewalk. She was not walking along the sidewalk and relying upon the continuance of conditions which she had already observed, but was coming from the street onto the sidewalk. This fact is important in considering her duty to observe her pathway, as the cases cited by plaintiff were brought by persons walking along a sidewalk, and are not pertinent to the facts in this case. Lemoine v. Alexandria, 151 La. 562, 92 So. 58; Burke v. Werlein, 143 La. 788, 79 So. 405; Rock v. American Const. Co., 120 La. 831, 45 So. 741, 14 L. R. A. (N. S.) 653; Weil v. Alexandria, 7 La. App. 387.

 Whatever condition existed at the location of this meter box was open, obvious, and apparent. It was broad daylight. Plaintiff was not loaded down with bundles to interfere with her view. Nothing occurred to distract her attention. When asked if she stepped forward without looking, her reply was: "No, I didn't look. I had my back to it."

The law requires that the pedestrian be observant of where and how he is going so that he may avoid dangers which ordinary care and prudence would disclose. While he is not bound to look for hidden dangers, he is required to walk with his eyes open, to observe his course, to see what is open and apparent, and to use that degree of care which the surrounding circumstances would dictate to a person of ordinary reasonable prudence.

Though a pedestrian, in the absence of knowledge to the contrary, has a right to presume that a sidewalk is reasonably safe, this presumption does not permit him to be heedless of his safety or to neglect to use ordinary precautions in observing where he is going and all obvious impediments in his way. McQuillin, Municipal Corporations, c. 54, § IX, on the subject of contributory negligence; Peetz v. St. Charles St. Ry. Co., 42 La. Ann. 541, 7 So. 688; Burke v. Tricalli, 124 La. 774, 50 So. 710; Goodwyn v. Shreveport, 134 La. 820, 64 So. 762; Barnes v. New Orleans, 4 La. App. 503.

This is not a case involving the degree of care exercised by plaintiff, but is one in which, in violation of her legal duty, she exercised no care whatever.

We find, as did the district judge, that she was at least contributorily negligent.

The judgment is affirmed.