There was judgment in the District Court dismissing plaintiff's suit and this court affirmed the decree, reported33 So.2d 75, but granted a rehearing January 26, 1948. This court decided in the first hearing that; first, that the bridge was defective; second, that the City had constructive if not actual notice of the defective condition of the bridge; third, that the City was negligent. On this rehearing this court agree that we were right on all of the above issues and since the reported opinion speaks for itself, it is not necessary to re-incorporate in this opinion what was said therein.
We held on the first hearing that the minor child was guilty of such contributory negligence as to bar his recovery. Upon reconsideration of this issue, we have now come to the conclusion that the child was not guilty of contributory negligence. On this factual issue, we quote from the written reasons of the trial Judge, this comment:
"It becomes unnecessary to pass upon the plea of contributory negligence but it may be stated that the evidence does not show that young Delahoussaye was negligent in either running or trotting over this bridge, or in not passing on the other side of the street, as claimed by the defendant. Considering the boy's age, and customary behavior of boys of that age, it seems to me that running or trotting is more the rule with them than an exception, and if the City's bridges and sidewalks are unable to stand that kind of traffic, then it is not properly discharging its municipal functions."
[1, 2] This conclusion of the trial Judge is entitled to great weight. The trial Judge had the Delahoussaye, boy under his personal observation during the trial, and is by far the better Judge to test the boy's ability to appreciate the dangers of the defective bridge and the warnings of his parents. We agree with the trial Judge that it is the customary behavior of boys of his age to run and "trot" rather than the exception. Since the District Judge came to this conclusion, we do not find from the record that this finding was in any way manifestly erroneous.
[3] The plea of contributory negligence is a special plea which imports upon the defendant the burden of showing plaintiff's fault by a preponderance of proof. There is evidence that the boy was "walking kinda fast" and that he was walking on the side plank and he nearly fell in the ditch, and then put his foot on the middle plank and this plank bounced and he fell on the bridge and rolled over in the ditch. This indicates that the boy was attempting to exercise due care in walking on the side plank. Defendant introduced no evidence to contradict this testimony and *Page 479 
this testimony standing alone, in our opinion, does not show any contributory negligence, but to the contrary shows the boy attempting to exercise caution.
The Delahoussaye boy, who comes from a poor family, living in a back portion of the City of New Iberia, was eleven years of age, and was only in the third grade at school.
[4, 5] In our opinion this does not show that he was a bright, intelligent or well matured child, as at that age he should have been in a much higher grade. We think the rule of law applied in The Cook v. Louisiana Public Utilities Co., La. App., 19 So.2d 297, 298, is applicable here, wherein, it was stated:
"Counsel for defendant refer to several cases involving the rule of contributory negligence as it relates to children, citing in particular cases in which some ten and eleven years old were held to come within the rule. Invariably however, we have to recur to the proposition that its application depends upon the intelligence of the child and his power to exercise a certain amount of judgment and also upon the given facts and circumstances surrounding each case. To show that the matter is not limited strictly to a question of age, we might well cite the case of Shally v. New Orleans Public Service Sewerage 
Water Board, 1 La. App. 770, in which the court stated that a boy sixteen years old, although amenable to the rule of contributory negligence, 'could not be expected to possess the same degree of prescience, caution and intelligence of an adult, nor could he be judged by the same rigor of law applicable to the latter.' The court in that case cited Mitchell v. Illinois Cent. R. R. Co., 110 La. 630, 34 So. 714, 98 Am. St. Rep. 472, in which the rule was not applied in relation to a boy twelve years of age. Incidentally, the Mitchell case was one of the authorities cited and relied on in the Ledet case. [(Ledet v. Lockport Power Light Co.), 15 La. App. 426, 132 So. 272.] In the present case the boy who was ten years old was still in the second grade at school which of itself showed that he was backward and that his mind had not yet developed to that of a normal child who at that age ordinarily makes the fourth or fifth grade. We are satisfied therefore that he was correctly held free of contributory negligence by the trial judge and that as far as liability on the part of the defendant is concerned the judgment appealed from is correct."
[6] We do not believe that this eleven year old boy in the third grade should have been required to constantly and continuously bear in mind and remember that the middle plank of this City bridge would sag when stepped upon, We again refer to the Cook case in support of this view when we stated:
"In considering and applying the doctrine of contributory negligence as it relates to children, it is proper, as shown by numerous decisions on the subject, to take into account the peculiar facts and circumstances of each case and especially too, the intelligence and mental capacity of the child involved. It may well be that a boy ten or twelve years old could be said to be guilty of contributory negligence in conducting himself in the face of a rather common danger such as, for instance, the fast approach of an automobile on the highway or a city street, or a train on a railroad track, whereas in his conduct in relation to certain objects he knows nothing about or does not appreciate the dangers involved in coming in contact with them, he should not be held to the same standard of conduct as an adult. That was the underlying reason why the boy in the Ledet case was held free of contributory negligence even though in that case, as in the present, he and a companion spoke of the potential danger that might be lurking in a broken and hanging electric wire, and which is here stressed by counsel as a warning which the injured boy failed to heed."
In the case of Ledet v. Lockport Light Power Company, 15 La. App. 426, 132 So. 272, it was held that a boy twelve years of age promoted to sixth grade, which would certainly indicate a boy of high intelligence, and before touching the electric wire had discussed the possible dangers involved, was nevertheless absolved from contributory negligence. *Page 480 
American Jurisprudence, Volume 38, pages 860 to 865, Sections 184 to 188, both inclusive; page 884 to 892, Sections 204, 205, both inclusive, gives us the law of contributory negligence in general and in particular as relates to children. We quote from Section 187, page 863:
"However, momentary forgetfulness may absolve one from the charge of contributory negligence where the danger is latent so as not, of itself, to be a reminder of its existence to one coming within its presence; at least, mere forgetfulness of a latent peril with which one may be acquainted does not necessarily, as a matter of law, constitute contributory negligence."
[7] This provision is most fitting in the case at Bar of a boy eleven years of age. The main defect in the bridge was a latent defect, consisting of sagging and jerking of the middle plank when it was stepped upon. It would be very difficult even for an adult to constantly keep in mind and remember that the middle plank of this bridge would sag when stepped upon, let alone a child eleven years of age.
We quote again from American Jurisprudence, Section 204, page 887, which we consider peculiarly fitting here:
"The care of a child for its own safety is to be measured by its intelligence and ability to discern and appreciate circumstances of danger. However, it is said that a child is favored in determining contributory negligence, not so much on its lack of knowledge, as upon its indiscretion, imprudence, lack of judgment, and impulsiveness. The exact cautionary measures that must be taken by children cannot be expressed, of course, by any general rule; they must, in connection with the circumstances in each case, depend upon the intelligence, capacity and judgment which the child is shown by the evidence to have possessed."
[8, 9] We now approach the amount of damages. The plaintiff has proved that the damages which he claims in Article 16 of his petition, which amounts to the full sum of Three Hundred Nine and 50/100 ($309.50) Dollars. The boy's spleen was removed. He stayed in the hospital seven days and stayed in bed about three weeks. He suffered considerable pain, and while the medical evidence indicates that the spleen is not a necessary organ of the body, it seems to us that the doctor cannot be absolutely sure that this boy will be just as well and strong as he would have been had his spleen not been injured. We believe his injuries justifies an award of Thirty-Five Hundred and No/100 ($3500) Dollars.
It is now accordingly, ordered, adjudged and decreed that:
1. The original judgment and decree of this court be reversed and set aside;
2. The judgment of the District Court be reversed;
3. That there be judgment in favor of the plaintiff, Albert Delahoussaye, Sr., for the use and benefit of his minor child, Albert Delahoussaye, Jr., and against the City of New Iberia, Louisiana, in the full sum of Thirty-Five Hundred and No/100 ($3500) Dollars, together with legal interest thereon from date of judicial demand until paid;
4. That there be judgment in favor of the plaintiff, individually, and against the City of New Iberia, Louisiana, in the full sum of Three Hundred Nine and 50/100 ($309.50) Dollars, with legal interest thereon from date of Judicial demand until paid;
5. That defendant City pay all costs of these proceedings; and
6. That the right of defendant to apply for rehearing is hereby specifically reserved.
LE BLANC, J., dissents, adhering to original decision herein rendered.
ELLIS, J., absent; J. CLEVELAND FRUGE acting as Judge ad hoc. *Page 481