HARDY, Judge.
This is an action ex delicto by plaintiffs, husband and wife, for the recovery of damages primarily in the nature of personal injuries sustained by plaintiff wife’s minor son by a former marriage. From judgment rejecting plaintiffs’ demands they have appealed.
The issues presented by this appeal are purely factual, and, in our opinion, have been correctly resolved in every particular by the district judge as reflected in his detailed written opinion.
The accident occurred within Forsythe Park in the City of Monroe at the intersection of two of the streets traversing the park, neither of which appears to have a formal name but one of which is commonly known as Sycamore Street, a boulevard type thoroughfare with north and south lanes of travel separated by a considerable expanse of neutral ground, studded with trees and providing parking space for numerous motor vehicles. Plaintiff’s minor son was operating his motorcycle south in the west division of Sycamore Street and was accompanied by a friend, one Ben Bearden, riding on the “buddy seat” of the motorcycle immediately behind young Smith. McCoy, accompanied by his wife on the front seat and a young son on the rear seat, was driving his station wagon west on one of the streets or driveways which crossed Sycamore Street. McCoy’s vision to the north along the east lane of Sycamore Street was blocked by trees and numerous parked cars in the neu *550 tral ground and he moved very slowly into the intersection, perceiving the approach of the motorcycle only when it was some 35 to 40 feet distant, at which time his vehicle was blocking the southbound passageway of Sycamore Street. Smith was moving at a slow rate of speed, in low gear, and, according to his own testimony, never at any time observed the entrance of the McCoy car into the intersection nor its presence immediately in his path. The McCoy vehicle was observed by young Bearden, who slipped off the rear of the motorcycle and thereby avoided injury. The Smith motorcycle struck the McCoy automobile about the center of the right side and the impact threw Smith from the vehicle, causing serious and painful injuries.
The testimony of the four eye witnesses to the accident presents no difficulties and contradictions of a substantial nature except with respect to one point. Smith testified that at all times he was looking straight ahead, but he could give no explanation as to why he failed to observe the McCoy vehicle. On the other hand, there is testimony by McCoy that Smith had his head turned to the right and was not making observation of traffic conditions. Bear-den had been watching the activities in the park and testified that he could not see the automobile because of the cars parked in the neutral ground. Nevertheless, he did see the McCoy car in time to dismount and save himself from injury.
At the time of the impact the McCoy car was located squarely across Sycamore Street with its front bumper just past the west edge thereof and the rear bumper a few feet inside of the east edge.
After analyzing and considering the testimony of the witnesses in the light of the physical circumstances, it is clear that young Smith was guilty of negligence which was a contributing cause of the accident by reason of his failure to make proper observation. If he had been exercising normal and reasonable care he would have seen tire entrance of the McCoy automobile into the intersection. His failure to see what could and should have been seen constituted negligence of such nature and degree as to bar recovery.
Before this court counsel for appellants has asserted error, inter alia, with respect to the failure of the district judge to pass upon the question of McCoy’s negligence. In view of the finding of negligence on the part of Smith, which is preponderantly established by the record, we think it entirely unnecessary to burden this opinion by a discussion as to the issue of McCoy’s negligence, vel non.
For the reasons assigned the judgment appealed from is affirmed at appellants’ cost.