GLADNEY, Judge.
Allen A. Denton instituted this suit against the liability insurer of the Bass-Woodard Gulf Service, a filling station located at the corner of 70th Street and Linwood Avenue, Shreveport, Louisiana, for the recovery of damages arising from injuries received in a fall. After a trial on the merits, judgment was rendered favorable to plaintiff and Fireman’s Fund Insurance Company, the defendant insurer, has appealed.
The facts essential to the case were established without dispute and a proper decision herein rests upon determination of liability. Perhaps the only fact concerning which there could be said to be a dispute is whether plaintiff fell because he tripped on the riser of the step which one must take going down from the office to the ground surface level, or whether he negotiated the riser and tripped on an electric cord. There were no witnesses to plaintiff's fall and he alone was informed as to exactly what did occur. Whether it was the riser, the wires, or both, that occasioned the fall is deemed to be of no legal significance.
*439 On Saturday, December 30, 1961, at about 10:00 o’clock A.M., Denton drove his automobile into and stopped on the south side of the premises of the service station. He then turned the car over to W. O. Bass, a partner-owner of the service station, for the purpose of having the wheels balanced. As soon as proper instructions were given, Denton went into the service station office where he remained some ten or fifteen minutes attending to ■some business over the telephone. While the appellee was engaged with the telephone, Bass moved the automobile to a location directly in front of the office and parallel to its front. The automobile was parked near the northwest corner of the office. This position was selected to allow Bass to connect two electric cords, which were a part of the wheel balancing machine, with the source of electricity in wall sockets located on the exterior side and to the right of the door of the office. A diagram of the premises discloses that the office is erected on a riser six inches above the surface level of the station, the door of the office being approximately four feet from the riser. The automobile rested approximately eighteen inches away from the riser and while in this position Bass commenced balancing the left front wheel of the automobile. When Denton finished using the telephone he walked out of the front door of the service station office in order to put some maps and papers in his car. He turned right so as to pass around in front of the automobile and after he had taken a step or two, he fell and sustained a serious knee injury. He testified that as he stepped over the riser the wires caught his right leg above the ankle, thereby causing him to fall face down.
Counsel for appellant assigns error to the judgment in holding that Bass was under a legal duty to warn Denton of the presence of the electric cords; in failing to find plaintiff guilty of negligence that was either the sole proximate cause of the accident or guilty of contributory negligence by reason of his not looking where he was walking, for had he done so, he would have seen the electric cords.
On the other hand, the appellee’s position in argument and brief is that the sole proximate cause of plaintiff’s injuries was the failure of the defendant’s insured to maintain the premises in a safe condition, and it is strongly urged that a service station operator owes his customers the duty of warning them of any danger of obstruction known to the operator which might not be known to his customer. The court is reminded that the burden of proving contributory negligence rests upon the party who pleads it.
Before this court, appellant contends that plaintiff has not proved any negligence attributable to the service station operator; that the latter is not the absolute insurer of the safety of persons properly on his premises, and is only required to exercise ordinary care to keep his premises in a reasonably safe condition. It is argued further that plaintiff knew that the wheels of his car were going to be balanced and the electric cords were in full view when plaintiff walked out of the office; that plaintiff also knew of the change in floor levels; that the type of wheel balancing as used by Bass was in general use and known to plaintiff; and that there was no duty imposed upon Bass to warn the plaintiff in this instance. It is pointed out that Denton admitted that as he walked out of the office door he was not looking toward the ground and frankly conceded that if he had looked where he was walking he would have seen the cords. He testified: “I had been in and out of that station a jillion times and have been all over it * * The western side of the office was enclosed in glass and the only thing that obstructed Denton’s view while he was using the telephone was the coke box situated just outside the office adjacent to its northwest corner. Counsel stresses the fact that plaintiff knew of the riser between the floor of the office and the ground surface of the station, and knew he would have to pass over this step-down in order *440 to get back to his automobile, for in truth he had crossed it just minutes before when he entered the office. At this point it should be observed that appellee upon leaving the office did not traverse the exact route he had used upon entering it, for the automobile then blocked his passage, and required that he take a different course from the door by either turning left or turning right. That the electric cords could have been easily observed and obvious to Denton if he had looked, must be inferred from photographs attached to the record. The wires were not concealed and they were of sufficient size to be noticed.
The foregoing circumstances pose the question that if, assuming arguendo, the duty rested upon Bass to warn Denton of the presence of the wires, did the failure to perform such a duty relieve Denton of his own negligence in failing to observe the wires?
The defendant relies upon the following authorities to support his contention that appellant should be cast for a breach of duty to warn Denton: Reid et al. v. Monticello et al., La.App., 33 So.2d 760 (1st Cir. 1948); Mahfouz v. United Brotherhood of Carpenters & Joiners of America, La.App., 117 So.2d 295 (2d Cir. 1959); Dyer v. Stephens Buick Company, La.App., 125 So.2d 185 (4th Cir. 1960); Hopper et ux. v. Maryland Casualty Co. et al., La.App., 129 So.2d 101 (2d Cir. 1961). In Reid v. Monticello a customer in a store sustained a fall on a magazine rack. The plaintiff had been a frequent visitor and was familiar with that part of the store in which she fell. Her fall occurred just after using a telephone, as was her custom. The magazine rack had been moved while she was using the telephone, so as to partially obstruct the passageway which a few minutes before she had safely used. The court said that Mrs. Reid had reason to anticipate that the same path would be unobstructed as she returned to do her shopping. Mahfouz v. United Brotherhood of Carpenters & Joiners of America is not authority for the proposition .urged by counsel, for therein plaintiff received a warning of the danger. Recovery was denied. In Dyer v. Stephens Buick Company recovery was allowed where the customer stepped out of his automobile and slipped' upon a grease spot. The court found that the owner of the garage was negligent in failing to discover the spot and that under the circumstances the plaintiff was not contributorily negligent. The garage attendant either assisted the plaintiff out of his car or he engaged the plaintiff in conversation as plaintiff alighted from his car. The ruling of the court was predicated upon the fact that the employee was in a position to see the oil spot obviously superior to that of the plaintiff and a warning should have been given. Hopper et ux. v. Maryland Casualty Company is a case wherein plaintiff recovered, the defendant being held negligent for failing to correct the defects of a filled-in ditch on a public right-of-way or to provide adequate warning. The court held the pedestrian was not contributorily negligent in failing to step over the ditch and found the duty imposed upon the defendant resulted from the fact that the ditch was covered and gave the outward impression of solidity and by its nature constituted a pitfall or trap within the knowledge of defendant. The court relied upon the rule of law stated in Alexander v. General Accident Fire & Life Assurance Corporation, La.App., 98 So.2d 730, 732 (1st Cir. 1957):
“A licensee is one * * * and to him in addition to the duty owed to a trespasser, is owed the duty of warning the licensee of latent dangers of the premises if actually known by the occupier(Emphasis supplied.)
In opposition to the foregoing authorities counsel for appellant has submitted certain decisions to support his position that under the stated circumstances no legal responsibility rested upon Bass to warn Denton of the wires which might cross his passage. These are: Knight v. Travelers Insurance Company, La.App., 32 So.2d 508 (1st Cir. 1947); Alexander v. General Accident Fire *441 and Life Assurance Corporation, La.App., 98 So.2d 730 (1st Cir. 1957); Baker v. Hartford Accident & Indemnity Company, La.App., 136 So.2d 828 (1st Cir. 1962); Ensminger et ux. v. The Great Atlantic & Pacific Tea Company, La.App., 152 So.2d 586 (2d Cir. 1963). In Knight v. Travelers Insurance Company plaintiff sustained a fall in a grocery store where there was a sudden drop in the floor level. Negligence was charged on the ground that there was no warning- sign. The court held that as a general rule and in the absence of an unusual condition, it does not impose a legal duty upon the store owners to warn invitees. And where the business premises were properly lighted the owners were not required to post warnings to customers of the steps between two portions of the premises, the ratio decidendi being that the steps themselves constituted as effective a notice to defendant’s customers as it was possible to give. In Alexander v. General Accident and Life Assurance Corporation, a house iguest slipped and fell on a rug. Finding .that recovery was precluded on the ground •of contributory negligence, the court followed the general rule that a host is not liable for an injury resulting from a danger which was obvious or should have been •observed by the invitee in the exercise of reasonable care. Baker v. Hartford Accident & Indemnity Company was decided adversely to plaintiff on the ground that ■even if the owner of a gasoline service station was negligent in washing concrete •during business hours and not warning an invitee of the slippery condition of the surface, the invitee who had full knowl■edge of the wet surface attempted to walk thereon, was guilty of contributory negligence. Ensminger v. The Great Atlantic and Pacific Tea Company et al. is a case recently decided by this court. It held that a grocery store customer who was familiar with the entire area surrounding the store parking lot and walked into a narrow passage way leading to the customer’s parking lot when she tripped over an iron post which was erected by the store to protect the building, was contributorily negligent due to her lack of attention while walking through the narrow passage way. The court quoted with approval from Glatstein v. City of Shreveport, La.App., 149 So. 158, 159 (2d Cir. 1933):
“The law requires that the pedestrian be observant of where and how he is going so that he may avoid dangers which ordinary care and prudence would disclose. While he is not bound to look for hidden dangers, he is required to walk with his eyes open, to observe his course, to see what is open and apparent, and to use that degree of care which the surrounding circumstances would dictate to a person of ordinary reasonable prudence.”
Pertinent to this point is 65 C.J.S. § 120, Verbo “Negligence”:
“The duty to exercise ordinary care to avoid injury includes the duty to exercise ordinary care to observe and appreciate danger or threatened danger. A person is required to make reasonable use of his faculties of sight, hearing, and intelligence to discover dangers and conditions of danger to which he is or might become exposed, and one injured as a result of his failure to use his faculties to observe and discover a danger which would have been observed and discovered by an ordinarily prudent person is guilty of contributory negligence. * * * ”
The undisputed facts of this case show that the accident occurred in the broad daylight, that plaintiff was familiar with the premises and knew that the wheel balancing operation was in progress. If he had looked, as a prudent person would have under similar circumstances, he would have observed the presence of the wires and avoided tripping on them. In our opinion his failure to look was a proximate cause of the accident, and such negligence is sufficient to bar his recovery. In view of our holding as to the negligence of the appellee, we deem it unneces *442 sary to burden this opinion with a discussion as to the issue of whether vel non Bass was guilty of negligence.
The judgment from which appealed is annulled, set aside and reversed, and plaintiff’s demands are dismissed at his cost.