158 So.2d 432 (1963)
Joe YOUNGBLOOD, Plaintiff-Appellant,
v.
NEWSPAPER PRODUCTION COMPANY, Inc., et al., Defendants-Appellees, Reliance Insurance Company, Intervenor-Appellant.
No. 10002.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1963.
Rehearings Denied December 6, 1963.
Writ Refused January 20, 1964.
*433 Eugene J. Coen, Shreveport, for plaintiff-appellant.
Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for intervenor-appellant.
Lunn, Irion, Switzer, Trichel & Johnson, Shreveport, for Newspaper Production Co., Inc., and Indemnity Ins. Co. of North America, defendants-appellees.
Before HARDY, GLADNEY and AYRES, JJ.
AYRES, Judge.
This action was heretofore before this court on an appeal from a judgment sustaining an exception of no cause of action (La.App. 2d Cir., 1961, 135 So.2d 620). In reversing the judgment, we held there was not such an affirmative showing of plaintiff's contributory negligence in his petition to sustain the exception. On trial of the merits, on the remand, there was judgment in favor of plaintiff in the principal sum of $9,663 and, in favor of the intervenor, plaintiff's workmen's compensation insurer, payable out of plaintiff's award, in the sum of $7,658, plus such additional compensation paid subsequent to February 27, 1963. From the judgment thus rendered and signed, both plaintiff and intervenor appealed. Defendants-appellees, in answer to the appeal, pray that plaintiff's and intervenor's demands be rejected in toto and their actions be dismissed at their cost.
The issues presented for resolution are factual in character and relate to the charges of negligence directed to the employees of the named defendant and to the charges of contributory negligence directed to plaintiff. Appropriate, therefore, is a review of the facts and circumstances established in the record.
Plaintiff, a salesman for Bossier Appliance Company, whose place of business is located at 2234 Barksdale Boulevard, Bossier City, Louisiana, sustained accidental injuries on February 25, 1960, for which he claims damages. Plaintiff's employment at this location covered a period of time of approximately nine years. On the morning *434 of the accident, plaintiff, on returning to the store from the post office, about 9:45 a. m., tripped on some baling wire and fell on the sidewalk in front of a store adjoining that of his employer. In describing the occurrence of the accident, plaintiff testified that, when he stepped on the wire with his right foot, the wire flew up, caught around his right ankle, and hooked onto the heel of his left foot, precipitating his fall. On descending, he landed on his left hip, causing the injuries for which he claims damages.
For several years prior to and continuing to the date of the accident, the defendant Newspaper Production Company, Inc., used the sidewalk at the corner of the building in which plaintiff was employed as a distributing center for its papers, both morning and afternoon. The papers were delivered in bundles, bound together with baling wire. The newsboys slipped the baling wire off the bundles and the wire, together with other debris, was strewn about the premises, in the street and on the sidewalk. Plaintiff and fellow employees frequently cleaned up the premises. Plaintiff was fully aware of the presence of this wire and other litter in the vicinity and in the street and upon the sidewalk, and was fully aware of the dangers created thereby. Once or twice before this particular accident, plaintiff's feet had become entangled in the wire. The condition of the sidewalk was a matter of common knowledge in the vicinity.
On the morning of the accident, the temperature was near freezing or below. Sleet from the night before covered the sidewalks and streets in spots. On returning to the store, as aforesaid, plaintiff was, because of the cold, hurrying along the walkway to get inside the building as quickly as possible, when the accident occurred. He testified that he was not looking at the ground but straight ahead. The presence of sleet on the streets and sidewalks obviously increased the dangers prevalent at the scene of the accident. Despite his knowledge of these hazardsthe presence of the wire scattered on and about the sidewalk and the sleetplaintiff, in his hurry to get inside the building where he could warm, paid little, if any, attention to where he was walking. The presence of the sleet on the sidewalk was not a distraction but rather served as a factor which should have attracted and more firmly directed plaintiff's attention to the sidewalk where he was walking. While these conditions called for extraordinary care on the part of plaintiff, the conclusion is inescapable that he was inattentive to the surroundings and the danger inherent therein; and, moreover, he failed to exercise ordinary care and prudence.
The principle is well established that a pedestrian must see those defects which are obvious and can be noticed by a reasonable and ordinarily prudent person. White v. City of Alexandria, 216 La. 308, 43 So.2d 618; Hamilton v. City of Monroe, La.App. 2d Cir., 1954, 72 So.2d 576; Massicot v. City of New Orleans, La.App.Orleans 1950, 43 So.2d 621; Birth v. City of New Orleans, La.App.Orleans, 1955, 77 So.2d 233.
In the White case, plaintiff sustained injuries while walking along a concrete sidewalk containing a defect which consisted of the concrete slab being elevated above the contiguous slabs varying from one-half on the curb side to two inches on the property-line side. The accident occurred at night. Plaintiff had been there once before. The irregularity, the evidence showed, was readily observable even at night, and plaintiff was charged with the duty of exercising ordinary care. Her failure in that respect precluded recovery for the injuries sustained.
The Hamilton and Massicot cases presented similar factual situations. In the first of these, plaintiff fell when she caught her heel on a steel curb guard protruding about two inches above the sidewalk. In the latter case, plaintiff fell when he caught his foot under a steel rod protruding about the same height above the sidewalk. In both cases, plaintiffs were denied recovery *435 because the defects or dangers were apparent and, had they looked where they were walking, such dangers would have been readily observed. There was no reason for them not to have seen the defects and obstructions had they exercised due and reasonable care and looked where they were going.
In the Birth case, recovery was denied for injuries sustained when the plaintiff tripped over the rim of a hole in a sidewalk. Plaintiff could have seen the hole had he looked.
While a pedestrian is not required to look for hidden dangers, he nevertheless is bound to walk with his eyes open and to observe his course to see what is open and apparent. Glatstein v. City of Shreveport, La.App. 2d Cir., 1933, 149 So. 158.
Thus, the conclusion is inescapable that plaintiff is not entitled to recover damages for injuries sustained in a fall when his foot became entangled in a baling wire where there was no reason why he should not have seen the wire on the sidewalk had he been attentive, particularly where the testimony discloses that he walked forward at a rapid pace, without keeping a lookout such as is required of a reasonable and prudent person.
(While it is true that each of the cases just discussed involved a pedestrian who was suing a municipality due to defects in the sidewalks, the principle applied by these cases (one of general application) cannot be confined to that particular circumstance.)
Thus, a plaintiff cannot recover if injury is caused by a failure to see a danger which would have been apparent to a reasonably prudent and observant person. Ransom v. Kreeger Store, La.App.Orleans, 1935, 158 So. 600.
The cases of Delahoussaye v. City of New Iberia, La.App.1st Cir., 1948, 35 So.2d 477, and Plauche v. Consolidated Companies, 235 La. 692, 105 So.2d 269, are readily distinguishable from the instant case. Both cases involved young boys. The first involved a question of negligence, vel non, on the part of an 11-year-old boy found to be below the average intelligence of a boy of that age. Both cases involved accidents upon bridges. The first concerned a latent defect consisting of the sagging of a plank in the deck of the bridge, and the second involved the frightening of a horse on a bridge by a truck producing a clanking noise and a hissing sound on the release of its air brakes.
Children, of course, cannot be expected to possess the same degree of prescience, caution, and intelligence of an adult; nor should they be judged by the same rigor of law applicable to adults. Edwin T. Shally v. N. O. P. S. and S. & W. Board, 1 La.App. 770 (1925). While a child may be guilty of contributory negligence, such child's caution must be judged by his maturity and capacity to evaluate the circumstances confronting him, and he is required to exercise only the care expected of his age, intelligence, and experience. Mitchell v. Illinois Cent. R. Co., 110 La. 630, 34 So. 714 (1903); Moore v. Vance, 4 La. App. 353 (1926).
The Delahoussaye and Plauche cases are inapplicable, for we are here concerned with a mature man, in full possession of his mental faculties.
The intervenor, in particular, urges that plaintiff's lapse of memory or momentary forgetfulness of or inattention to a known danger, such as the presence of the wire upon the sidewalk, excuses him from the consequence of his inattention to the danger. We find no merit in this plea. Plaintiff conceded his knowledge of and familiarity with the condition of the sidewalk and his knowledge of the existence of such condition covering a period of several years. There is no showing whatsoever that plaintiff had a lapse of memory or that he momentarily forgot the conditions well *436 known to him. Moreover, there was no fact, condition, or circumstance shown which would have diverted his mind or attention or those of an ordinarily and reasonably prudent person. The presence of the sleet on the sidewalk, as heretofore noted, instead of distracting attention, should have directed plaintiff's attention to the sidewalk.
Very recently, in considering the question of momentary forgetfulness, this court, in Ensminger v. Great Atlantic & Pacific Tea Company, La.App. 2d Cir., 1963, 152 So.2d 586, discussed the question at length, and, in the course of its opinion, stated:
"In this connection, counsel for appellants strenuously argues that the momentary diversion of a person's attention does not establish negligence as a matter of law, citing Crosby v. Brown Oil Tools (La.App. 1 Cir., 1957), 92 So.2d 115. While counsel is quite correct in the conclusion that a momentary diversion of attention does not, in itself, establish negligence as a matter of law, it is evident from a reading of the opinion in the cited case that it stands as authority for the reenunciation of certain well established principles of law. The opinion discussed the issue of diversion of attention in connection with the Louisiana rule of `momentary forgetfulness,' and quoted the following recognized legal principles which we deem appropriate to the instant case, namely, that forgetfulness of or inattention to a known danger usually amounts to negligence; that forgetfulness, in itself, is not negligence unless it comprehends a failure to exercise ordinary care for one's safety; that forgetfulness or inattention is excusable only under the existence of some fact, condition or circumstance which would divert the mind or attention of an ordinarily prudent person; that in the great majority of cases knowledge of danger must rest in the imputation arising from the fact that the peril was patent or obvious, or that the plaintiff was familiar with the offending place or appliance. Under the facts of the instant case established by the testimony of Mrs. Ensminger, she was intimately familiar with the entire area in and about which the accident occurred and had knowledge of the possible danger which might result from her lack of attention while walking through the narrow passageway.

* * *
"The factual cause of the distraction or forgetfulness which was considered by our brethren of the First Circuit in the Crosby case, cited supra, was much more serious and, therefore, more calculated to constitute a sudden, adequate and emergently disturbing cause than the one which we have under consideration, despite which the opinion concluded that it was not sufficient to divert the mind or attention of an ordinarily prudent person from the existing danger."
Therefore, if it be conceded that defendant's employees were negligent, a matter which, under the views we now entertain, is unnecessary to determine (Poindexter v. McCoy, La.App. 2d Cir., 1963, 151 So.2d 549), the conclusion is inescapable that plaintiff was guilty of contributory negligence in his failure to look where he was going and to observe dangers of which he was well aware and which were known to him.
The judgment appealed is therefore annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that plaintiff's and intervenor's demands be, and they are hereby, rejected and their actions dismissed at their cost, including the cost of this appeal.
Reversed and rendered.