175 So.2d 339 (1965)
David C. SPINKS, Plaintiff-Appellee,
v.
GENERAL FIRE AND CASUALTY COMPANY, NEW YORK, Defendant-Appellant.
No. 10373.
Court of Appeal of Louisiana, Second Circuit.
April 28, 1965.
Rehearing Denied May 21, 1965.
A. K. Goff, Jr., Ruston, for appellant.
Campbell, Campbell & Marvin, Minden, for appellee.
Before HARDY, GLADNEY, and AYRES, JJ.
AYRES, Judge.
This is an action in tort for personal injuries sustained by David C. Spinks while upon the premises of defendant's assured. Because of Spinks' death, his widow and sole heir were substituted as parties-plaintiff. From a judgment in their favor, defendant appealed.
The facts as to the occurrence of the accident appear to be established without any serious dispute. While upon the premises of one Aaron Spainhour, operator of an automobile and machinery repair shop, Spinks stepped upon a mechanics' creeper, *340 projecting from under an automobile which was undergoing repairs, and sustained a fall, causing injuries for which damages were sought. The offending instrumentality was one customarily used by mechanics in automobile repair work. The dimensions of the creeper were approximately 36" in length, by 16" in width, by 3" in height. Mounted underneath were small wheels or rollers which permitted free movement in any desired direction. By use of the creeper, a mechanic has easy access for repairs underneath a motor vehicle. At the time of the accident this creeper projected about 20" out from under the automobile on which a mechanic had been working.
In a building fronting 35' on the principal business street in the Town of Ringgold, and extending northward 122' along an alley adjoining the building on the west, Spainhour conducted two businesses. In the first, occupying the front 80' of the building, was a Western Auto Store. In the rear 42' of the building a repair shop was operated. Between the two businesses was a partition wall. Access from either to the other was by means of a door located approximately midway of the partition. However, in the west wall of the garage were two doors or openings, one 10' × 10' and the other 10' × 12'. These openings, closed by sliding doors, were separated by several feet. Automobiles were moved in and out of the garage through these doors. Other than through these openings, the garage was lighted by four 200-watt bulbs suspended from the ceiling and three small lights over a workbench along the east wall. The automobile undergoing repairs was headed in a northeasterly direction from the more southerly of the two garage doors. To the right of this car was a clear, unobstructed passageway through the garage to this entrance, as well as to the door to the Western Auto Store.
On the occasion of the accident, occurring between 10:00 and 11:00 o'clock on the morning of May 14, 1963, Spinks entered the retail establishment, Western Auto, through its front entrance and therein inquired of Spainhour as to the arrival of a power saw for which he had placed an order. Following this interview, Spinks entered the repair shop through the partition door and proceeded to a rest room in the northeast corner of the garage. On leaving the rest room, en route across the garage and through the south garage door to the alley where he had parked his car, Spinks, in passing the car undergoing repairs, stepped upon the creeper and fell to the floor, breaking his hip.
Under the aforesaid circumstances, plaintiffs contend that Spinks enjoyed the status of an invitee while upon the aforesaid premises. Defendant's position is that Spinks was a mere licensee at the time of the accident. The importance attached to these contentions is the degree of care to which Spinks was entitled. However, in view of what we deem to be a controlling issue and which relates to the negligence of Spinks, constituting either a proximate or at least a contributing cause of the accident, it is deemed unnecessary that his exact status be determined.
For obvious reasons, a garage is a place of danger. Spinks admittedly had been in this repair shop many times. He knew that mechanics customarily used creepers in connection with their work in making repairs to automobiles. He likewise appreciated their danger. He saw the creeper before stepping upon it. His testimony, taken by deposition in a discovery proceeding, is that he thought this creeper was a piece of cardboard. By its size, and particularly its height, he could have, by paying proper attention and by the exercise of reasonable care and circumspection, ascertained that the object on which he was stepping was not a piece of cardboard but, in fact, a creeper which he knew was customarily used in a repair shop.
The principle is well established that one must see dangers which are obvious *341 and which can be appreciated by a reasonable and ordinarily prudent person. White v. City of Alexandria, 216 La. 308, 43 So.2d 618 (1949); Youngblood v. Newspaper Production Company, 158 So.2d 432, La.App., 2d Cir. 1963 (writ refused); Birth v. City of New Orleans, 77 So.2d 233, La.App., Orleans 1955; Hamilton v. City of Monroe, 72 So.2d 576, La.App., 2d Cir. 1954; Massicot v. City of New Orleans, 43 So.2d 621, La.App., Orleans 1950. While one is not required to look for hidden dangers, he is nevertheless bound to walk with his eyes open and to observe his course to see what is open and apparent. Glatstein v. City of Shreveport, 149 So. 158, La.App., 2d Cir. 1933. Thus, one may not recover if injury is caused by a failure to see a danger which would have been apparent to a reasonably prudent and observant person. Denton v. Fireman's Fund Insurance Company, 158 So.2d 438, La.App., 2d Cir. 1963; Veal v. Employers Liability Assurance Corporation, 108 So.2d 242, La.App., 2d Cir. 1958 (cert. denied); Ransom v. Kreeger Store, 158 So. 600, La.App., Orleans 1935.
We are not impressed by the contention that the repair shop was inadequately lighted or that the creeper was so discolored as to blend with that of the concrete floor, making its presence imperceptible to one exercising ordinary care and prudence. The fact that Spinks actually saw the instrument removes any basis for these contentions and clearly evidences that he was not observing where he was going so as to avoid a danger which ordinary care and prudence would have disclosed.
While one, as heretofore observed, is not bound to look for hidden dangers, he is required to walk with his eyes open, to observe his course to see what is open and apparent, and to use that degree of care which the surrounding circumstances would dictate to a person of ordinarily reasonable prudence. No explanation is given of Spinks' failure to perceive that the object on which he was about to step was a creeper.
The conclusion is inescapable that his failure to see that which was readily apparent to a reasonably prudent and observant person constituted at least a contributing cause of the accident.
The judgment appealed is therefore annulled, avoided, reversed, and set aside; and
It is now Ordered, Adjudged, and Decreed that defendant's plea of contributory negligence be, and the same is hereby, sustained; and that, accordingly, plaintiffs' demands be, and they are hereby, rejected and their suit dismissed at their cost.
Reversed.

On Motion for Rehearing
PER CURIAM.
Attention was directed, in a motion for a rehearing, to the fact that, under the provisions of defendant's policy, insuring the premises upon which Spinks sustained accidental injuries, medical expenses to the extent of $250 are payable irrespective of fault. A reexamination of the policy confirms the correctness of this contention, which defendant concedes. Medical expenses exceeded the aforesaid limitation.
Now, therefore, counsel approving, with reservation of all other rights, the judgment of this court on the original hearing is set aside, and
It is accordingly ordered, adjudged, and decreed that the judgment appealed be and the same is hereby amended by reducing the principal of the award to $250 and that, as thus amended, it is affirmed at defendant-appellant's cost.
With this, the application for a rehearing is denied.