SAVOY, Judge.
This case arises out of an injury suffered by plaintiff when he fell while at *105 tempting to cross East Main Street in Ville Platte, Louisiana. Plaintiff allegedly became entangled in a rope or ropes hanging from the defendant’s telephone pole, and tripped and fell. The fall occurred near the north edge of East Main Street at approximately 11:00 A.M. on May 12, 1970.
After a trial on the merits, judgment was rendered in favor of plaintiff against defendant. The defendant has appealed to this Court.
Defendant complains of four specific rulings of the trial judge: (1) finding defendant had a duty to warn of the dangers that existed; (2) failing to find plaintiff con-tributorily negligent; (3) alternatively, in granting an excessive award of general damages; and (4) alternatively, in granting .an excessive award of lost wages.
Defendant has not set out as error the finding by the trial judge of defendant’s negligence in leaving a rope dangling from a telephone pole located adjacent to a public sidewalk. A review of the record indicates that a rope was hanging down from the telephone pole either on or very close to the public sidewalk on the day the accident occurred. Defendant’s own employee, Mr. Hall, stated that this created a hazardous obstruction to pedestrians. It is clear that defendant or its employees were negligent in allowing this condition to exist without adequate warning.
Defendant also complains of the failure of the trial judge to find plaintiff contributorily negligent. A pedestrian is charged with the responsibility of seeing obvious defects and obstructions in his path and exercising the caution expected of a reasonably prudent man. Kuhn v. Oulliber, 225 So.2d 317 (La.App. 4 Cir. 1969); Youngblood v. Newspaper Production Company, 158 So.2d 432 (La.App. 2 Cir. 1963). Both plaintiff and defendant agree that this statement of law should control in this case. The application of this rule is what is at issue.
The testimony of Mr. Fontenot and Mrs. Soileau, both of whom were working in a record shop located across East Main Street and slightly west of the site of the accident, established that the hanging ropes were visible from their location which is approximately forty feet away. Pictures taken by plaintiff shortly after the accident show that a portion of the rope was wrapped around the telephone pole with the two ends dangling down to and/or lying on the sidewalk. According to plaintiff’s testimony, there was a small hook attached to one end of these dangling ropes. Exhibits introduced by defendant show that this hook is attached to one rope and thus linked to the second end of the rope with a short length of light chain. Plaintiff stated that these pictures showed a hook similar to the one involved in the accident.
Plaintiff’s exhibits also reveal that a pipe, probably to support a street or highway sign, is located immediately adjacent on the west of the telephone pole in question, with another pipe located adjacent to the telephone pole on the east.
The trial judge stated that a pedestrian walking toward the west could not have seen these dangling ropes located on the west side of the telephone pole. The testimony of plaintiff, and the testimony of other witnesses establishes that the accident occurred after plaintiff had proceeded to the west side of this telephone pole and stopped briefly to wait for a car driven by a patrolman, Godfrey Demourelle, in an easterly direction. In view of the fact that plaintiff had immediately passed right by the telephone pole, and in fact had come to a stop before attempting to cross the street, plaintiff had proceeded to a position that should have enabled him to observe the dangling ropes, and the finding of the trial court that plaintiff could not have seen this obstruction is in error.
Plaintiff is charged with the responsibility of seeing obstructions in his path that could have been observed by a reasonably *106 prudent man. See Kuhn and Youngblood, supra. Patrolman Godfrey Demourelle testified that plaintiff spoke to him just before he started across East Main Street. Dr. F. Lionel Mayer, an orthopedic surgeon who treated plaintiff, testified that the medical history taken from plaintiff elicited the fact that plaintiff related to him that when he stepped off the curb his left foot went into the sewer drain causing him to twist his knee. This testimony, together with the fact that plaintiff could not establish exactly what tripped him and had just passed the telephone pole and stopped on the west side thereof, shows plaintiff was distracted immediately prior to the accident. It would appear that had plaintiff not been distracted, he would have observed the alleged obstruction, and the accident would not have occurred. Plaintiff’s failure to observe this apparent obstruction in his path was negligence, and as such, bars recovery in this case.
Having found that plaintiff’s contributory negligence bars any recovery, it is unnecessary to consider the remainder of defendant’s assignment of errors. Accordingly, the judgment appealed from is reversed, and judgment is hereby rendered in favor of defendant, General Telephone Company of the Southwest, and against plaintiff, James E. Moran, rejecting his demands and dismissing his suit. Costs incurred in the trial court and on appeal are assessed against plaintiff.
Reversed.