AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages for injuries sustained when she slipped and fell while shopping in a grocery store. Made defendants were Shuler’s, Inc., owner and operator of the store, and its liability insurer; the Sanitary Dairy Products, Inc., furnisher of dairy products to the store, its liability insurer, and the insurer of its delivery trucks.
The defendants denied any negligence or fault on the part of anyone for whom they were responsible and, in the alternative, charged plaintiff with contributory negligence. In a further alternative, defendants, by appropriate third-party proceedings, sought indemnification or contribution from each other.
After trial, the court concluded negligence charged to Sanitary Dairy Products, Inc., caused the accident and accordingly awarded plaintiff judgment against it and its liability insurer, Great American Insurance Company, in solido, for $6,500.00 for personal injuries and $663.67 for medical expenses. Shuler’s, Inc., was exonerated of the charges of negligence and consequently *46 it and its insurer were absolved of liability. The third-party demands of the defendants condemned against Shuler’s, Inc., and its insurer, Marquette Casualty Company, were also rejected. From the judgment, the defendants condemned appealed. Plaintiff has answered their appeal and prayed for an increase in the award for personal injuries to the sum of $20,000.00. Shuler’s, Inc., has also answered the appeal, thus preserving its rights in its third-party proceedings against the appellants. Marquette Casualty Company, Shuler’s, Inc.’s insurer, was placed in rehabilitation prior to judgment, on motion of the Commissioner, and all proceedings as against it were stayed.
Negligence charged to defendant Sanitary Dairy Products, Inc., consisted (1) of stacking wet boxes and containers of cold or frozen products in an aisle in the store adjacent to the dairy case; (2) in allowing water, dirt, and other foreign substances to accumulate in the aisle; (3) in failing to properly mop and clean the aisle or to make it safe as a passageway for customers of the store; and (4) in failing to warn customers, and particularly plaintiff, of the damp, slippery condition of the floor of the aisle and of its dangerous character.
The record leaves scant, if any, basis for a contention that this defendant’s employee was not guilty of actionable negligence at least contributing to plaintiff’s fall. Defendant’s products were delivered to its customers in refrigerated trucks. During transportation and delivery of these products considerable moisture would accumulate, through condensation or otherwise on the containers, which moisture would, as the containers were carried and placed in the aisle, drip on the floor. Dirt and other foreign substances were also shown to have been deposited on the floor.
As was customary with this defendant’s employees, the employee making deliveries, after placing the products in the dairy case, would clean and mop the aisle. On the occasion of plaintiff’s. fall, defendant’s em-. ployee endeavored to perform this task so as to leave the aisle in a reasonably safe condition. A mop was obtained from the rear of the store and the employee, without once wringing the mop until the task was completed, attempted to clean and mop the floor. The task was not thoroughly or properly done; the floor was not dried, but left damp and wet. . .
However, the record not only warrants but impels that serious consideration be given to the charge of contributory negligence directed to plaintiff. Through her own testimony, it is shown that she, after entering the store, saw defendant’s employee mopping the floor of the aisle in which she was walking, whereupon she parked the car in which she had placed her grocery selections. Noting that the floor was wet, plaintiff left her cart, walked into another area of the store, when, after picking up a package of tea, she retraced her steps; whereupon she again observed that the floor was damp. The employee had, in the meantime, gone to return the mop he had obtained from the rear of the store. Despite her knowledge of the condition of the floor at the time, plaintiff, nevertheless, as she stated, “did not take any special pains” but voluntarily stepped on the wet floor, where she fell.
Plaintiff was very familiar with this store. It was in her neighborhood; she shopped there regularly. On previous occasions, she had observed the condition of the floor near the dairy counter after deliveries had been made. She had observed, likewise, on many occasions, the employee mopping’ the floor. On this particular occasion she noticed that the floor was still damp, or, as she said, “wet,” when she returned to the area after picking up the package of tea. Plaintiff also testified that, on seeing the employee mopping the floor, she noted he was not getting the floor dry and that he was doing such an imperfect job “she would not want him to mop her floor.”
The conclusion is inescapable that plaintiff was fully aware of the hazardous condition of the floor. In walking on the. *47 floor under the aforesaid circumstances, without taking any precautions, it can only he concluded that she was contributorily negligent, and that such negligence was a substantial factor precipitating her accident.
In Baker v. Hartford Accident and Indemnity Company, 136 So.2d 828, La.App., 1st Cir. 1961 (certiorari denied), the evidence disclosed that plaintiff slipped and fell on the pavement at the entrance to a service station. At the time of the accident, employees of the station were hosing, or washing, the pavement. Plaintiff was aware of the fact that the concrete, over which he voluntarily proceeded to walk, was ■wet. In this connection, even if it were .assumed that the station employees were ■negligent in washing the concrete during 'business hours and in not specifically warning invitees of the slipperiness of its surface, it was held that plaintiff, with full knowledge of the wet surface, attempting to walk .thereon, was guilty of contributory ■negligence barring recovery for injuries •sustained resulting from his slipping.
In Lawson v. D. H. Holmes Co., 200 So. 163, 166, La.App., Orleans 1941, wherein an action was instituted by plaintiffs for damages for the death of their mother, as a •consequence of a fall she sustained while •walking out of defendant’s store on Dauphine Street, in the City of New Orleans, the court pointed out:
“The accident, which occurred in broad daylight, is one which can and •does frequently happen without the slightest fault on the part of anyone. The fact that it had been raining and •that the vestibule was wet undoubtedly • caused the passageway to be slippery ■.but this, of itself, cannot be plausibly .advanced by plaintiffs as an argument •to hold the defendant liable for their -mother’s death. On the contrary, Mrs. Lawson knew -that it was raining and she is to be charged with knowledge of •the fact that one is apt to slip upon any •wet surface.
An observation was made in Bragg v. Boh Brothers Construction Company, 147 So.2d 258, 259, La.App., 4th Cir. 1962, to the effect that
“The law is clear that where a person, whether the operator of a motor vehicle or a pedestrian, knows of an unusual or dangerous condition which exists in the path which he is about to traverse, he should take extraordinary care in so doing.”
The instant case, on important factual differences, is to be distinguished from Bowers v. Lumbermens Mutual Casualty Company, 131 So.2d 70, La.App., 2d Cir. 1961 (writs refused). While these cases are similar in some respects, factual distinctions clearly warrant a holding in the instant case opposite to that made in the cited case. There, it was established that Mrs..Bowers had, prior to her fall, passed by the area which was being mopped. However, the court’s conclusion rested upon the fact that Mrs. Bowers was pushing her shopping cart ahead of her and did not observe a damp spot which caused her to slip and fall. In the instant case, according to plaintiff’s own testimony, her vision was not obstructed by the market cart of otherwise, and, moreover, it is clear that she did observe the damp floor, despite which she neither took nor attempted any reasonable care or precaution in walking into the area she knew to be wet.
The finding of contributory negligence on the part of plaintiff disposes of the case without the necessity of considering the issues raised as between the parties-defendant.
For the reasons assigned, the judgment appealed is annulled, avoided, reversed, and set aside; the plea of contributory negligence is sustained; and, accordingly, plaintiff-appellee’s demands are rejected at her cost.
Reversed.