187 So.2d 470 (1966)
Helen Mabou JONES, Plaintiff and Appellant,
v.
W. T. GRANT COMPANY et al., Defendants and Appellees.
No. 1726.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1966.
Rehearing Denied June 29, 1966.
C. O. Brown, Alexandria, for plaintiff-appellant.
Stafford & Pitts, by John L. Pitts, Alexandria, for defendant-appellee.
Before CULPEPPER, TATE and HOOD, JJ.
HOOD, Judge.
Plaintiff slipped and fell on the floor of a department store which was being operated by W. T. Grant Company, in Alexandria. She instituted this suit against that company and its liability insurer for damages for the injuries which she allegedly sustained as a result of that fall. Judgment was rendered by the trial court rejecting her demands, and she has appealed.
The accident occurred on January 11, 1964. Plaintiff entered defendant's store about 5:25 p. m. for the purpose of obtaining a sandwich at a lunch counter maintained *471 in that establishment. The store was closed regularly at 5:30 p. m., and while plaintiff was standing at the lunch counter waiting for her sandwich to be made, the employees of W. T. Grant Company were engaged in closing the store for the day. A janitor, employed by the storekeeper, mopped the tile floor around that counter with soapy water while plaintiff was standing there. After obtaining the sandwich, plaintiff started to walk over a portion of the wet, freshly-mopped tile floor toward an exit of the building, and while doing so she slipped and fell. She alleges that the insured defendant was negligent in the following respects: "A. Failure to keep floor in a safe condition for customers who were invited on the premises. B. The application of soapy water which caused petitioner to slip and fall."
The defendants deny that the storekeeper was negligent, and they specially plead contributory negligence on the part of plaintiff. The trial judge, assuming for the purposes of this suit that the storekeeper was negligent, concluded that plaintiff was barred from recovery by her own contributory negligence.
The evidence shows that plaintiff had been in the store frequently, and that she knew from previous observations that the janitor mopped the floor near the lunch counter at or about closing time every day. She admits that while she was waiting at the counter she saw him mopping the floor behind and around her, that she knew that the floor was "soaking wet," and was "soapy" and "slippery," that she could see that it was wet, that she nevertheless proceeded to walk on this wet, freshly-mopped floor, and that as she "made the turn" her feet went out from under her. The record does not show that she took any precautions to avoid slipping and falling. A portion of her testimony, with reference to her awareness of the condition of the floor, reads as follows: "Well, it's slippery naturally when you walk on it. Most any kind of floor that (interrupted) * * * soap is slippery," and, "It was soapy, yes sir, he had just mopped while I was standing there waiting for the sandwich, he had mopped where I had to walk out."
After carefully analyzing the evidence in his reasons for judgment, the trial judge concluded:
"According to her own testimony, Mrs. Jones saw, while she was standing at the counter, that the floor was being mopped in the exact area that she had traversed in coming in and which she attempted to cross in departing. She also saw that the floor in this area was `soaking wet'. Instead of choosing another route of exit or walking around this obviously wet area she proceeded onto it and fell. This conduct constitutes contributory negligence, if the Grant Company was negligent, and, accordingly, bars her recovery."
The settled rule of law is that a storekeeper has the responsibility of providing a safe place for his customers. He is not the insurer of their safety, however, and he need only keep floors and passageways in a reasonably safe condition for use in a manner consistent with the purpose of the premises, that is, free from defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the invitee and would not be observed by him in the exercise of reasonable care. The invitee assumes the obvious, normal or ordinary risks attendant on the use of the premises, and the storekeeper is not liable for injuries to an invitee whose injuries result from a danger which should have been observed by the latter in the exercise of reasonable care. Coquille v. Expressway Bowling, Inc., La.App. 4 Cir., 183 So.2d 347; LeJeune v. Hartford Accident & Indemnity Company, La.App. 3 Cir., 136 So. 2d 157 (cert. denied); Baker v. Hartford Accident & Indemnity Company, La.App. 1 Cir., 136 So.2d 828 (cert. denied); Peters v. Great Atlantic & Pacific Tea Company, La.App. 2 Cir., 72 So.2d 562; Levine v. Hartford Accident & Indemnity Company, *472 La.App. 3 Cir., 149 So.2d 433; Tete v. Newark Insurance Company, La.App. 4 Cir., 170 So.2d 248; Lawson v. D. H. Holmes Company, La.App. Orl., 200 So. 163.
The facts in the instant suit are almost identical to those which were presented in Tebbetts v. Marquette Casualty Company, La.App. 2 Cir., 180 So.2d 45 (writ ref.). In rejecting plaintiff's demands in that case, the Second Circuit Court of Appeal said:
"Plaintiff was very familiar with this store. It was in her neighborhood; she shopped there regularly. On previous occasions, she had observed the condition of the floor near the dairy counter after deliveries had been made. She had observed, likewise, on many occasions, the employee mopping the floor. On this particular occasion she noticed that the floor was still damp, or, as she said, `wet,' when she returned to the area after picking up the package of tea. Plaintiff also testified that, on seeing the employee mopping the floor, she noted he was not getting the floor dry and that he was doing such an imperfect job `she would not want him to mop her floor.'
The conclusion is inescapable that plaintiff was fully aware of the hazardous condition of the floor. In walking on the floor under the aforesaid circumstances, without taking any precautions, it can only be concluded that she was contributorily negligent, and that such negligence was a substantial factor precipitating her accident."
In the instant suit, as in the Tebbetts case, the plaintiff knew that the floor had just been mopped and that it was wet and slippery. Also, as in the cited case, the plaintiff here proceeded to walk on the wet, freshly-mopped floor, being fully aware of its condition, without taking special precautions to avoid slipping and falling. Under those circumstances, we think the trial judge correctly held that plaintiff in this suit was negligent, that her negligence was a proximate and contributing cause of the accident, and that she thus is barred from recovery by her own contributory negligence.
For the reasons herein assigned, the judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiff-appellant.
Affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.