204 So.2d 790 (1967)
Sallie S. GUY, Plaintiff-Appellee,
v.
The KROGER COMPANY et al., Defendants-Appellants.
No. 10903.
Court of Appeal of Louisiana, Second Circuit.
November 28, 1967.
*791 Cook, Clark, Egan, Yancey & King, Shreveport, for defendants-appellants.
Bodenheimer & Jones, Shreveport, for plaintiff-appellee.
Nesib Nader, Shreveport, for intervenor-appellee.
Before GLADNEY, BOLIN and BARHAM, JJ.
BOLIN, Judge.
This is a tort action by Sallie S. Guy for personal injuries received by her when she slipped and fell in a grocery store owned and operated by The Kroger Company in Shreveport, Louisiana. At the time of the accident plaintiff was 57 years of age and for many years prior thereto had been employed as a domestic worker. Made defendants were Kroger and its liability insurer, Selective Insurance Company. An intervention was filed on behalf of Confederate Memorial Medical Center for payment for medical services furnished by the Center to plaintiff. It was stipulated Kroger was insured against public liability by Selective Insurance Company. From a jury award against Kroger and Selective Insurance Company in solido and in favor of Sallie S. Guy for $40,000 for her personal injuries, loss of income and related special expenses, defendants appeal and plaintiff answers the appeal asking for an increase in the award to $71,454. The judgment restricted the award against Selective Insurance Company to its maximum policy limit of $25,000. There was judgment in favor of intervenor, Confederate Memorial Medical Center, for $1,410 which was ordered to be paid out of the judgment rendered in favor of plaintiff.
The essential facts are undisputed. About the time the Kroger store opened for business on the morning of August 31, 1966, one of its employees knocked a bottle of Wesson oil from a shelf causing it to fall to the floor and break, spreading its contents. The employee picked up the broken glass and went to the rear of the building to secure a mop to wipe up the oil. He was gone for an appreciable length of time during which Sallie Guy and a companion entered the store to shop for groceries. Her companion, while walking down one of the aisles and reaching for some sugar on a nearby shelf, stepped on the greasy spot and almost fell but steadied herself by holding to the shelf. A few moments thereafter Sallie Guy entered the same aisle carrying some articles in her hand and, while looking on the shelf for sugar, stepped on the portion of the floor where the oil was spilled, slipped and fell on her back and buttocks. She was helped up from the floor and soon thereafter taken by ambulance to a hospital.
Her principal injury consisted of a fracture of the left hip, specifically a complete fracture of the neck of the femur, which is one of the major weight-bearing components of the body. She was treated at Confederate Memorial Medical Center where the fracture was first united by drilling holes in her bone structure and inserting metal pins and braces. The medical testimony was uniform to the effect that she suffered intense pain at intervals from the time of her injury until and including the first operation for the uniting of the fracture. The first attempt to unite the fracture was unsuccessful and a second major operation was performed wherein different procedures were employed and different types of metal pins and braces were utilized. The doctors testified that during all of this period Sallie suffered intermittent pain.
Some ten months later, when the case was tried, Sallie was unable to remain out of bed for any appreciable length of time which necessitated her attending the trial on a stretcher. The medical experts agreed that in order for her to experience any reduction of disability and pain a third operation *792 would be necessary and, further, if such operation was performed it would be of a major character involving the insertion of a plastic ball in the femoral head. After such an operation it was the consensus of medical opinion plaintiff, after several weeks, would probably become ambulatory with the aid of crutches. However, it is not seriously disputed plaintiff is permanently disabled to return to her former employment as a domestic worker. The testimony is also convincing there is a great probability she will suffer intermittent pain for the remainder of her life. Plaintiff's orthopedic specialist, however, was of the opinion she would not be permanently bedridden but would be able to get about with the aid of crutches and perhaps some day merely with the use of a cane.
Appellants concede negligence on the part of Kroger's employee in allowing the Wesson oil, which was a greasy and almost clear substance, to remain on the floor and that this negligence was a proximate cause of the accident. However, they seriously contend Sallie was guilty of contributory negligence and, alternatively, that the jury award in her favor for $40,000 was grossly excessive.
The two questions presented by the appeal are:
(1) Have defendants established contributory negligence against plaintiff which was a proximate cause of the accident?
(2) In the event plaintiff is entitled to recover should the award be changed and, if so, should such award be decreased or increased?
Appellants contend plaintiff was guilty of contributory negligence in failing to see the oil which had been spilled on the floor. It is contended if she had looked she could have seen the liquid because it covered a large area. In support of the plea of contributory negligence we have been cited to the cases of Liverpool & London & Globe Insurance Company v. Taylor, 193 So.2d 840 (La.App. 4 Cir. 1967); Spinks v. General Fire and Casualty Company, N. Y., 175 So.2d 339 (La.App. 2 Cir. 1965); and Tebbetts v. Marquette Casualty Co., 180 So.2d 45 (La.App. 2 Cir. 1965). The latter case recognizes the rule to be well established in Louisiana that in a "slip and fall" case the invitee is charged with the duty of seeing dangers which are obvious and which can be detected and avoided by a reasonable and ordinary prudent person. Appellee, on the other hand, argues the cases cited by appellants are readily distinguishable factually from the instant case and cites Bowers v. Lumbermen's Mutual Casualty Company, 131 So.2d 70 (La.App. 2 Cir. 1961), in which this court held the plaintiff, unaware of the existence of the danger (wet floor), was not guilty of contributory negligence with respect to the occurrence of the accident.
It is elementary that one who pleads contributory negligence bears the burden of proving it and we do not find appellants have borne the burden in this case. Sallie was walking along the aisle in a large self-service supermarket. We think a reasonable and prudent person under the same circumstances would be expected to be looking primarily on the shelves and not on the floor for a transparent oily substance and, accordingly, we find there is no support for the charge of contributory negligence against plaintiff.
Left for consideration is the question of quantum. It is undisputed Sallie was employed at the time of her accident as a domestic servant earning $30 per week, or $1,560 per year. Being 57 years of age it was stipulated Sallie had a life expectancy of sixteen years. Appellants concede plaintiff sustained a severe and painful injury and that she is permanently disabled to return to her former employment. However, they contend the preponderance of medical testimony is that Sallie will not be bedridden for the rest of her life nor in constant pain; rather it can be reasonably expected that within a period of less than a year after the trial she will be able to get about and enjoy many of her usual activities, as well *793 as secure other employment not as strenuous as that formerly performed by her.
Although "much discretion" must be allowed the trial court and jury in fixing the damages (La.C.C. Article 1934) the jurisprudence is clear that if there has been an award so excessive or inadequate as to be an abuse of that discretion, the appellate court has not only the right but the duty to review the law and facts and correct the mistake. The appellate court should review all the facts and circumstances upon which the lower court based the amount of the award but this review is confined to determining whether there has been abuse of the "much discretion" and awards in "similar" cases are relevant only to determine whether there has been an abuse of discretion but for no other purpose. In other words, there should not be an attempt to maintain a uniformity of awards for what the appellate court interprets to be similar cases. The reason for such a rule is the inability of any appellate court to judicially determine similarity of cases involving personal injuries. Each case is different and the adequacy or inadequacy of the award should be determined by the facts and circumstances peculiar to the case under review. Ballard v. National Indemnity Company of Omaha, Nebraska, 246 La. 963, 169 So.2d 64 (1964).
Taking into consideration plaintiff's present and possible future medical expenses, past and future loss of wages, pain and suffering and permanent disability we are unable to find an abuse of the discretion allowed the jury in making a total award to plaintiff of $40,000, out of which the judgment for $1,410 to Confederate Memorial Medical Center must be paid. We conclude that to either increase or decrease the award would be to substitute our judgment for that of the jury when the record is sufficient to support its findings.
For the reasons assigned the judgment appealed from is affirmed at appellants' cost.
Affirmed.