DIXON, Judge.
In this tort suit there was a judgment in favor of Mrs. Sybil Miles and her husband Floyd Miles, Sr. against Larry D. Martin and his premises insurer, American Em ployers’ Insurance Company, as a result of injuries received by Mrs. Miles at the store operated by the defendant Martin. From this judgment, the defendants appeal.
The fall which gave rise to the suit occurred on March 18, 1964. Suit was filed March 17, 1965. The case was tried in March and April of 1966. A written opinion was filed by the trial judge December 13, 1969.
The Martin store is in north Hodge, and appears to be a combination filling station and grocery store near the highway, with an asphalt surfacing material between the front of the building and the highway and at the side of the building, where Mrs. Miles fell. The fall occurred after dark. Mrs. Miles was driven near the side door of the store by her grandson, who resided with her. She got out of the car, went around the automobile and approached the side entrance. The entrance consists of a simple screen door and a half-glass wooden door. Mrs. Miles fell on the blacktop adjacent to the concrete apron at the doorway. She said her feet slipped out from under her.
The point at which Mrs. Miles fell was the location of a slight elevated blacktop ridge. The evidence indicated that the blacktop had been applied at least four years before the accident. Part of the blacktop had been rolled with heavy rollers, but its surface had not been compressed to a smooth state. The surface was comparatively open and porous in appearance.
After the blacktop had been laid, Mr. Martin discovered that the elevation was such that rainfall would run under the door at the side of his store. He then constructed what was referred to in the testimony as a slight levee, slightly higher than the concrete apron which had been previously installed at the side entrance of the store. About 4 feet from the door, the asphalt surface was built up.
An engineer’s plan is in the record, which shows the elevations of the asphalt. The high point of the asphalt is about 6 feet in front of the door, and about 3.6 inches higher than the elevation of the concrete slab at the door. Mrs. Miles said that her foot, when she fell, was on the side of the mound toward the door, near its crest. At this point, the slope has a maximum fall of l ¥2 inches per foot. Mrs. Miles did not contend that her foot struck a loose object, nor that the surface was unusually slick, nor that any foreign substance caused her to fall. She was a frequent customer at the Martin store, and the testimony indicated that she had entered this door at this point perhaps as often as once a week for four years preceding the fall, or ever since the asphalt had been laid. The trial court’s opinion stated that “there is no surface that is slicker than blacktop, as any motorist will tell you, when it is wet.” Mrs. Miles testified as follows:
“Q. Did you step on an uneven place on the blacktop ?
“A. Yes, sir, it was an uneven place.
“Q. How well can you describe to me this uneven place that you stepped on ?
“A. Well, I can try to.
“Q. All right, the best you can, Mrs. Miles ?
“A. It kind of come up like this, you know, and when I stepped along here, well, my feet just slipped out from under me.” (Tr. pages 38-39).
*774 The evidence in the record does not support the conclusion that the place where Mrs. Miles fell was “slick.” Neither Mrs. Miles nor any other witness claimed the fall on a “slick” surface.
Argument is made that the absence of sufficient light at the entrance of the store was a cause of the fall. The evidence does not support this contention. Mrs. Miles was familiar with the entrance, and familiar with the surface of the lot. She saw where she put her feet. There was no unseen substance that caused her to fall.
Mrs. Miles admitted that she was as familiar with the area where she fell as she was with the entrance to her own house.
In order to maintain a cause of action against the owner of a store for injuries resulting from a fall on the premises, plaintiff must show by a clear preponderance of the evidence: (1) a dangerous condition existed at the point where the fall occurred; (2) that the dangerous condition caused the fall; (3) that the storekeeper was negligent in allowing the dangerous condition to exist; (4) that the storekeeper had actual or constructive knowledge of the dangerous condition. Kauffmann v. Royal Orleans, Inc., 216 So.2d 394 (La.App.1968); St. Romain v. Burger Chef Systems, Inc., 211 So.2d 686 (La.App.1968); Jones v. W. T. Grant Company, 187 So.2d 470 (La.App.1966).
We are unable to conclude from the evidence in the. record that the construction and maintenance of the gentle sloping asphalt surface near the side door of the Martin store created a dangerous condition existing at the point where Mrs. Miles fell.
For these reasons, the judgment of the district court is reversed, and there is now judgment in favor of the defendants, American Employers’ Insurance Company and Larry D. Martin, and against the plaintiffs, Floyd Miles, Sr. and his wife, Sybil Miles, rejecting the demands of the plaintiffs, at their costs.