ELLIS, Judge:
This is a suit for personal injuries resulting from a fall suffered by Mrs. Velma M. Welch, while on the premises of an A & P food store in Houma, Louisiana. Plaintiffs are Mrs. Welch and her husband, Peter Welch, and the defendant is Great Atlantic & Pacific Tea Company, Inc. After trial on the merits, judgment was rendered in favor of defendant, dismissing plaintiffs’ suit, and they have appealed.
*877 Plaintiff entered defendant’s store to do some shopping. Shortly after entering, she stepped on a grape, slipped and fell. The accident happened at about 3:45 in the afternoon. There is no evidence to show how the grape got on the floor or how long it had been there.
Other testimony shows that the store is cleaned after closing in the evening, and before opening in the morning. All employees are instructed to inspect the floor constantly for debris or spills of any kind, to pick up anything they saw, or to protect the spot until it could be cleaned. The assistant manager of the produce department testified that he was up and down the produce aisle, where the accident happened, 40 to 50 times a day, and that he kept a constant watch for spills.
The employee who was ordinarily at the weighing station, which was a few feet from where plaintiff fell, testified that she had a broom and dust pan by the scales, and that she was instructed to clean up immediately any spills which she observed. She testified that before she went on her coffee break, it was her custom to inspect the produce aisle, including the spot where plaintiff fell. She further testified that her coffee break lasted fifteen minutes, and that she was on her break when the accident happened.
The store porter testified that he got off work at 3:00 p. m. and that, immediately before leaving, he always swept the floor in the produce section.
Ordinarily, in a slip and fall case, the plaintiff must prove that the fall was due to a dangerous condition, caused by the storekeeper or of which the storekeeper had actual or -constructive knowledge. See Peters v. Great Atlantic & Pacific Tea Company, 72 So.2d 562 (La.App.2 Cir. 1954), and its progeny. In the case of a foreign object on the floor, the plaintiff is required to prove either actual knowledge thereof 'by the storekeeper, or that the object had remained on the floor for such a length of time that the storekeeper should have known of its presence.
Plaintiff relies on our holding in the recent case of Lang v. Winn-Dixie Louisiana, Inc., 230 So.2d 383 (La.App. 1 Cir. 1969). In that case, we held that the storekeeper must show that the inspection practices in the store are reasonably careful and frequent, consonant with his duty to provide his customers with a reasonably safe place to shop. If he is unable to show such1 inspection practices, the plaintiff is relieved of the burden of proving actual or constructive knowledge of the hazardous condition. This rule has the effect of shifting the burden of proof in such cases from the plaintiff to the defendant.
Plaintiff takes the position that the Lang case requires the storekeeper to maintain a regular schedule of periodic inspections throughout the day, and that the defendant herein has failed to maintain such a schedule.
The rule of the Lang case requires only that the storekeeper fulfill his duty of a reasonable inspection practice. No set schedule is imposed thereby, and the determination of whether a store exercises proper practices must be made in the light of the circumstances of each case.
In this case, the record affirmatively shows that the floor was swept within an hour before the accident, and inspected by an employee of the store within fifteen minutes of the accident. Employees were constantly present in the area, all of whom were instructed to watch for debris on the aisles. We think that the defendant has instituted and carried out proper inspection practices.
Under those circumstances, the plaintiff has the -burden of proving actual or constructive knowledge by the defendant of the presence of a grape on the floor. She has clearly failed to carry this burden.
The judgment appealed from is therefore affirmed, at plaintiffs’ cost.
Affirmed.