277 So.2d 692 (1973)
Merri S. KENNEDY et vir, Plaintiffs-Appellees,
v.
The TRAVELERS INSURANCE COMPANY, et al., Defendants-Appellants.
No. 12070.
Court of Appeal of Louisiana, Second Circuit.
May 1, 1973.
Rehearing Denied May 30, 1973.
*693 Joseph R. Bethard, Shreveport, for defendants-appellants.
Maynard E. Cush, Shreveport, for plaintiffs-appellees.
Before AYRES, PRICE and HEARD, JJ.
PRICE, Judge.
This appeal arises out of an injury resulting from a "slip and fall" accident sustained by Merri S. Kennedy at the J. M. Cotten Grocery and Market on Lakeshore Drive in Shreveport on June 15, 1968.
Mrs. Kennedy seeks damages for her personal injuries and is joined by her *694 former husband, Herbert Kennedy, claiming reimbursement for expenses paid by the community for medical treatment, loss of wages and child care.
Although the Travelers Insurance Company was made a defendant as the alleged liability insurer of J. M. Cotten, this defendant denied any insurance coverage of the premises at the time of the accident and judgment was rendered by the trial court in favor of plaintiffs solely against J. M. Cotten for the sum of $17,500 for personal injuries sustained by Mrs. Kennedy, and for $2,538.94 for community expenses incurred by Herbert Kennedy.
The defendant, Cotten, suspensively appealed, complaining that the trial court erred in not finding Mrs. Kennedy guilty of contributory negligence which would have barred recovery. Defendant further contends the amounts awarded by the trial court for the injuries received are grossly excessive and constitute an abuse of the discretion of the trial judge. In addition, appellant contends the amount allowed to Herbert Kennedy as special damages is not in accord with the evidence.
Plaintiffs answered the appeal, asking for an increase in the award for personal injuries. No complaint is made in regard to Travelers not being cast in the judgment.
The circumstances surrounding the happening of the accident are described in the testimony of Mrs. Kennedy and her sister-in-law, Georgia Saunders. These ladies, accompanied by Mrs. Saunders' small child, purchased groceries at the Cotten store between 5:30 and 6:00 p. m. on the date of the accident. Mrs. Kennedy testified that as they were leaving the store through the main front exit, she was carrying the child in her arms and that an employee of Cotten was carrying their groceries in a shopping cart. As she started down a concrete declining ramp at the end of the sidewalk in front of the entrance, she stepped on some type of paper cup, causing her to slip and fall, resulting in injury to her back.
Defendant does not take issue with the fact the accident happened on the premises or that plaintiff slipped in the manner described by her.
In brief to this court he has limited his complaint of error committed by the trial court on the issue of liability to its failure to find Mrs. Kennedy guilty of contributory negligence. Appellant argues that the evidence in the record shows Mrs. Kennedy did not exercise the degree of care for her own safety commensurate with her knowledge of the conditions which existed on defendant's premises.
In her testimony Mrs. Kennedy described outside of the premises on the date of the accident as being in a littered condition with trash and refuse strewn over much of the entranceway and parking area. She further testified she had shopped regularly at the store for about ten years and that the premises were usually allowed to remain in this condition by defendant.
Cotten admitted the premises became littered in the course of a business day and testified his only cleanup was carried out early in the morning just prior to opening for business. No inspection procedures were provided by him to keep the entranceway or other areas free of debris during the remainder of the day. This accident happened on a late Saturday afternoon in summer which was admitted to be a busy time in appellant's business.[1]
*695 Appellant contends a lack of reasonable care has been shown on the part of Mrs. Kennedy as she was exiting from the store through the same area which she had entered a few minutes before and was fully aware that debris was present in this immediate area at that time. Additionally, appellant argues she was negligent in carrying the child in such a manner to obstruct her view.
The general rule set forth in the jurisprudence is that the invitee in a slip and fall case is under a duty to see dangers which are obvious and can be detected and avoided by the degree of care exercised by a reasonably prudent person. Tebbetts v. Marquette Casualty Co., 180 So.2d 45 (La.App.2d Cir. 1965); Guy v. Kroger Co., 204 So.2d 790 (La.App.2d Cir. 1967). The determination of what is reasonable and prudent care must be determined on the facts and circumstances of each individual case.
The burden of proving the absence of reasonable care to establish contributory negligence is on the person pleading it as a defense. In the instant case we find the evidence insufficient to establish Mrs. Kennedy had not met the standard of care required of her in looking out for her own safety.
Mrs. Kennedy admits knowledge of debris in the general area but her testimony does not show an awareness that there was a paper cup on the decline of the grocery cart ramp. From the photographs in the record showing the area of the entranceway, it is apparent that the declining cart ramp on which the injury occurred is just a few steps to the right of the doorway. Therefore, because of the short interval involved between leaving the door way and stepping onto the ramp little opportunity is afforded for a customer carrying packages, or as in this case a child in her arms, to notice an object as small as a paper cup on the declining surface of the ramp. We do not find the evidence to show the child was being carried in an improper manner as contended by appellant. Although Mrs. Kennedy testified her carrying the child made it more difficult to see as freely as otherwise, without some positive awareness of the presence of an obstacle in her path, we fail to see how this factor could be considered a deviation from the exercise of reasonable care. We conclude the trial judge committed no error in rejecting the plea of contributory negligence.
We have left for consideration a review of the adequacy or excessiveness of the amounts awarded to plaintiff by the trial court. Mrs. Kennedy was awarded the sum of $17,500 for the injuries sustained. As no reasons for judgment were given by the trial judge, we do not know what factors he considered in arriving at this amount. Appellant contends this sum is grossly excessive and plaintiffs have by answer requested it be increased.
Mrs. Kennedy fell on her right hip and struck her right elbow in the fall trying to protect the child in her arms. Within two or three days after the accident she consulted Dr. T. M. Oxford, an orthopedic surgeon, for pain in the lower back that had continued and become worse after the fall. She was hospitalized by Dr. Oxford at Doctors Hospital for several days and was thereafter transferred to Willis-Knighton where she became a patient of Dr. Bennett Young, an orthopedic surgeon. Dr. Young found she had a ruptured intervertebral disc and on July 22, 1968, he performed an operation to remove the disc. Dr. Young testified she had a successful recovery from the surgery with full recovery obtained within four and a half months. He further testified she had no symptoms of any significant narrowing of the intervertebral disc space which sometimes follows a hemilaminectomy and found that the disc space was satisfactorily refilling with fibrocartilage tissue which would give Mrs. *696 Kennedy a satisfactorily functioning back. He assigned a minimal disability of no more than five percent resulting from the injury.
Mrs. Kennedy testified she was able to fully resume normal household work and activities by December, 1968. She was a thirty year old woman at the time of trial and there is no evidence of any permanent disability of any consequence as a result of the injury. She testified she only has an occasional ache in her back following the heavy household work such as moving furniture or waxing floors.
Although Mrs. Kennedy did suffer considerable pain in her back for a period of two or three months following the accident, she has apparently made a good recovery and has no appreciable permanent disability nor any predictable future medical expense resulting from her injury. We therefore find the sum of $17,500 is excessive and are of the opinion the sum of $12,500 would adequately compensate her for the pain and suffering endured and any slight disability resulting from her injury.
Plaintiffs sued for $3,281.63 in special damages for medical expenses, loss of wages and child care. In its judgment the trial court awarded $2,538.94. The trial judge gave no written reasons to indicate how he arrived at this figure. We have reviewed the testimony and exhibits and conclude plaintiffs have proven special damages in the sum of $2,315.27 and are only entitled to this sum. This sum includes $790 for Dr. Young, $105 for Dr. Oxford, $192.40 for Doctors Hospital, $1,159 for Willis-Knighton Memorial Hospital, $40.54 for drug bills and $28.33 for Snell's Limbs and Braces. Plaintiffs sued for but have not proven any loss of wages or future medical expenses. Plaintiffs claimed $300 for child care, the amount allegedly paid to plaintiff's mother to care for her seven children for several months while she was in the hospital and confined to bed at home. However, the testimony reflects that this sum was only to help pay for groceries for the children. Since this is an item plaintiffs were under an obligation to furnish the children, we do not think this is an extra expense which plaintiffs had to incur due to the accident. For this reason plaintiffs are not entitled to recover anything for child care.
Appellant argues that plaintiffs are only entitled to recover $725 for Dr. Young and $80 for Dr. Oxford, the respective sums prayed for in their petition. As no objection was made to the introduction in evidence of the bills of Dr. Young and Dr. Oxford, in the respective sums of $790 and $105, we deem this to be an enlargement of the pleadings and will allow plaintiffs to recover the amount of the doctors' bills introduced. Huval v. Burke, 160 So. 2d 810 (La.App.3d Cir. 1964); Kegley v. Grain Dealers Mutual Insurance Co., 207 So.2d 824 (La.App.3d Cir. 1968).
Appellant argues that plaintiffs are only entitled to recover $19.47 for drug bills since the receipts from the drug store only reflect this amount. Plaintiffs introduced checks without receipts which when added to the checks with receipts, all made out to the same drug store, total $40.54. Mr. Kennedy testified all the checks were written for drugs for his wife in connection with injuries received in the accident. Therefore, we think plaintiffs should be entitled to recover the sum of $40.54 for drugs.
For the foregoing reasons the judgment appealed from is amended to reduce the amount awarded plaintiff, Merri S. Kennedy, to the sum of $12,500, and further amended to reduce the sum awarded Herbert Kennedy to $2,315.27, and in all other respects the judgment is affirmed.
Costs of this appeal shall be paid by appellant.
NOTES
[1] Appellant has not argued to this court the issue of his own negligence alleged to have been caused by a breach of the duty owed to his customers to use reasonable cleanup and inspection practices to see that the entranceway was free of extraneous objects which would constitute a hazard to their safety. It is clear from the evidence, however, that under the decisions in the recent case of this court, Rozelle v. Employers' Liability Assurance Corp., 260 So.2d 757 (La.App.2d Cir. 1972), and Welch v. Great Atlantic and Pacific Tea Co., 273 So.2d 876 (La.App. 1st Cir. 1973), of the First Circuit, liability would attach to appellant unless the injured plaintiff was also guilty of negligence which bars her recovery.