336 So.2d 1014 (1976)
Lillian RACHAL, Plaintiff-Appellant,
v.
BROOKSHIRE GROCERY STORES, INC. (BROOKSHIRE GROCERY COMPANY), Defendant-Appellee.
No. 5552.
Court of Appeal of Louisiana, Third Circuit.
August 20, 1976.
Rehearing Denied September 20, 1976.
Writ Refused November 30, 1976.
*1015 John G. Williams, Natchitoches, for plaintiff-appellant.
Bodenheimer, Jones, Klotz & Simmons, by C. Gary Mitchell, Shreveport, for defendant-appellee.
Before DOMENGEAUX, GUIDRY, and BERTRAND, JJ.
DOMENGEAUX, Judge.
This is a tort suit wherein damages are sought for injuries sustained by plaintiff, Mrs. Lillian Rachal when she slipped and fell on the floor while shopping in defendant's supermarket. After trial on the merits the District Judge, rendering written reasons, concluded that the plaintiff had failed to prove actionable negligence on the part of the defendant, but assuming arguendo that there was such negligence, the plaintiff herself was guilty of contributory negligence which barred her recovery. From a judgment dismissing her demands, plaintiff has appealed. We affirm.
The accident occurred on June 6, 1975. The plaintiff was a regular customer at defendant's supermarket. Accompanied by her 6 year old daughter, she entered the establishment shortly before 9:00 A.M., cashed a check at the office situated in the front portion of the building, picked up a push cart and commenced to do her grocery shopping. She eventually reached an area in the supermarket designated as Aisle 6. Donald Harris, the janitor for the defendant was in the process of mopping up the remains of a broken bottle of pine oil which *1016 had fallen from the shelf previously inside the aisle. Leaving the push cart and her 6 year old daughter near the entrance of the aisle, plaintiff proceeded past Mr. Harris to secure a bottle of Purex, which was on sale. After obtaining the Purex she turned around, started forward, and slipped, but did not fall. She nevertheless continued walking and slipped again, this time falling to the floor and causing the injuries of which she complains. Her accident occurred in the area where the pine oil had spread, and where Harris had been mopping.

NEGLIGENCE OF THE PARTIES
The evidence shows that the janitor, Donald Harris, came to work at 6 A.M. He completed his general cleanup work by approximately 8:30 A.M. which consisted of sweeping the store, buffing the floor, mopping up the places which needed mopping, and then buffing again. Harris then returned to the back of the store in furtherance of his job duties. At approximately 8:35 A.M. a bottle of pine oil which was on a shelf in Aisle 6 fell to the floor and broke. The record does not indicate who or what caused the pine oil to fall, but Mr. Claude Adcock, the Assistant Manager for the defendant, who was in his office, heard the break and saw the broken bottle and its contents on the floor. He immediately summoned Mr. Harris over the loudspeaker to clean up. The janitor promptly got a bucket and mop and then a box and dust pan and proceeded to Aisle 6. When he arrived at the scene he saw a broken 32 oz. bottle of pine oil on the floor. He picked up the broken glass and placed same in the box, pushed the box aside, and began to wet and then dry mop the pine oil substance. While he was so engaged the plaintiff arrived at the scene as aforesaid.
Mrs. Rachal admitted that she saw Harris mopping the area, utilizing the bucket and the mop, and that the mop looked wet to her. She said that she spoke to Harris and told him "you cleaning up and I'm going to come mess up." She admitted that the area was damp, but that she nevertheless proceeded down the aisle past Harris. She also admitted that she did not take her daughter down the aisle but rather left her, together with the grocery cart, near the spot where Harris was mopping. She testified that there was no one else in the aisle and that she did not see anything on the floor before she fell and neither did she smell the pine oil. She denied that she was warned of any substance on the floor and specifically denied that Harris warned her not to go there because it was slippery. She stated that when she first slipped she caught herself and prevented a fall, at which time she looked on the floor and saw nothing but a "plain damp floor". She admitted, after that episode, that she started out again, at which time she slipped a second time, resulting in the fall.
Donald Harris testified that when plaintiff came to the area where he was mopping and took one step in the aisle, he warned her that the aisle was slippery with pine oil and told her not to enter. He said it was about that time that plaintiff made a statement generally to the effect that she testified to, i.e. "you cleaning up and I'm going to come mess up." He further testified that a little of the pine oil was still visible on the floor and the odor was prevalent. He stated that after he warned her she said that she thought she "could make it", and with that she continued on into the aisle. Further, he saw her take the Purex from the counter, and turn around in his direction. He was still mopping as she walked back towards him, and he saw her slip, catch herself, start walking again, and then slip again and fall on the pine oil.
While Harris was cleaning up as aforesaid, it is conceded that there was no sign, barricade, or rope blocking off the area. However, the mop bucket was lettered with the words "Wet Floor".
Generally, a storekeeper has the responsibility of providing a safe place for his customers. He is not the insurer of their safety, however, and he need only keep floors and passageways in a reasonably safe condition for use in a manner *1017 consistent with the purpose of the premises, that is, free from defects or conditions in the nature of hidden dangers, traps or pitfalls which are not known to the invitee and would not be observed by him in the exercise of reasonable care. The invitee assumes the obvious, normal or ordinary risks attendant on the use of the premises, and the storekeeper is not liable for injuries to an invitee whose injuries result from a danger which should have been observed by the latter in the exercise of reasonable care. See Jones v. W. T. Grant Company, 187 So.2d 470 (La.App. 3rd Cir. 1966), and cases cited therein.
Under the facts of this case we find no manifest error in the trial court's conclusion that plaintiff failed to prove actionable negligence on the part of the defendant, and we will not elaborate further on that aspect of the case in view of the obvious negligence on the part of the plaintiff herself. Such being the case, she cannot recover even if there was some violation of any duty owed plaintiff as an invitee.
Owners of business establishments are not liable for injuries to an invitee when those injuries result from a danger which should have been observed by the latter in the exercise of reasonable care; the invitee assumes the obvious, normal or ordinary risks attendant on the use of the business premises. Nurdin v. Connecticut Fire Insurance Company, 211 So.2d 688 (La.App. 4th Cir. 1968).
In the instant case Mrs. Rachal knew or should have known of the possible danger of traversing the area in Aisle 6 under the circumstances described hereinabove. She should have realized the possibility of slipping but apparently thought that she could traverse the area safely. She took her chances. Concerning her negligence, the facts herein are similar to the facts in the cases of Tebbetts v. Marquette Casualty Company, 180 So.2d 45 (La.App. 2nd Cir. 1965), writ refused, 248 La. 783, 181 So.2d 782; and Jones v. W. T. Grant Company, supra, where the plaintiffs therein were denied recovery because of their own carelessness and disregard of an obvious danger.

LAST CLEAR CHANCE
Alternatively in her petition, plaintiff pleaded the doctrine of the Last Clear Chance and argues likewise on appeal.
The doctrine of the Last Clear Chance, stated broadly, is that the negligence of the plaintiff does not preclude a recovery for the negligence of the defendant where it appears that the defendant, by exercising reasonable care and prudence might have avoided injurious consequences to the plaintiff notwithstanding the plaintiff's negligence. See 57 Am.Jur.2d, Sec. 837; 27 L.L.R. 269. In order for the doctrine to be applied the plaintiff herein was obligated to prove three essential facts: (1) That she was in a position of peril of which she was unaware of from which she could not extricate herself; (2) That the defendant actually discovered or should have discovered her peril; and, (3) That after the defendant actually discovered or should have discovered plaintiff's peril, said defendant had a reasonable opportunity to avoid the accident. Thomas v. Dispenza, 214 So.2d 387 (La.App. 3rd Cir. 1968); Kontomitras v. New Orleans Public Service, Inc., 314 So.2d 441 (La.App. 4th Cir. 1975). In order to apply the doctrine there must be negligence on the part of both parties. St. Amant v. Travelers Insurance Company, 233 So.2d 23 (La.App. 4th Cir. 1970).
We conclude, based on the factual context of this case, that the Last Clear Chance doctrine is not applicable herein for either of two reasons: (a) The trial judge concluded that the plaintiff failed to prove any actionable negligence on the part of the defendant and we find no manifest error in that conclusion; (b) Plaintiff failed to prove one of the essential facts required to apply the doctrine, i.e. that she was in a position of peril of which she was unaware.

*1018 COMPARATIVE NEGLIGENCE
Plaintiff's counsel in brief and oral argument recognizes that the Doctrine of Comparative Negligence has been rejected in this state; but he suggests, assuming causal negligence of both parties herein, that the time has come to apply the doctrine in Louisiana, the authority being Civil Code Article 2323.
Even if we found joint causal negligence herein, we would be powerless to apply the doctrine of comparative negligence. We are bound to follow our Supreme Court which, to this point in time, has rejected the application of that theory in this State. Crum v. Holloway Gravel Company, Inc., 273 So.2d 566 (La.App. 1st Cir. 1973), writ refused, 276 So.2d 701 (La. 1973) "No error of law"; Legendre v. Consumers' Seltzer & Mineral Water Mfg. Co., 147 La. 120, 84 So. 517 (1920); Belle Alliance Company v. Texas & P. Ry. Co., 125 La. 777, 51 So. 846 (1910).
For the above and foregoing reasons, the judgment of the district court which dismissed plaintiff's suit is hereby affirmed at her costs.
AFFIRMED.